```
          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF GEORGIA
                ATLANTA DIVISION
```

| | |
|---|---|
| SUE HIATT, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:17-CV-1264-CAP |
| FRONTIER AIRLINES, INC, | |
| Defendant. | |

O R D E R

This action was originally filed in the State Court of Gwinnett County, Georgia, but was subsequently removed to this court. The defendant seeks to invoke this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, the notice of removal does not show that there is diversity of citizenship.

The notice of removal states, "At the time of filing the complaint, plaintiff was a resident of Utah and defendant Frontier was a Colorado corporation registered to do business in Georgia." "An allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship." *Kerney v. Fort Griffin Fandangle Association, Inc.*, 624 F.2d 717, 719 (5th Cir. 1980). Since the citizenship of the plaintiff is not alleged, this court does not have jurisdiction. Additionally, even if the court construes the allegation that Frontier was a Colorado corporation to mean that Frontier was incorporated in the state of

Colorado, there is no allegation regarding Frontier's principal place of business, as required by 28 U.S.C. § 1332(c)(1).

The defendant is given 15 days from the date of this order to amend its notice of removal to allege facts showing that there is diversity of citizenship between the parties.  Failure to do so will result in this case being remanded to the State Court of Gwinnett County.

SO ORDERED, this  19th  day of April, 2017.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge