IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. 17C01240-4 |
| FRONTIER AIRLINES, INC., | ) | removed from the State Court of |
| | ) | Gwinnett County, Georgia) |
| Defendant. | ) | |

## AMENDED NOTICE OF REMOVAL

COMES NOW Frontier Airlines, Inc. ("Frontier"), defendant in the above-styled matter, and pursuant to the order of the Court entered April 19, 2017 amends its notice of removal to allege facts showing that there is diversity of citizenship between the parties as follows:

1. Plaintiff in the above-styled matter filed a suit for damages against defendants Frontier and City of Atlanta ("City") in the State Court of Gwinnett County, Georgia, which county is within the Northern District of this Court and the Atlanta Division. Said action is styled as above and is numbered in the State Court of Gwinnett County as Civil Action No. 17-CO-1240-4. (Exhibit A hereto includes a true and correct copy of the summonses and complaint filed against Frontier and City in the State Court of Gwinnett County, plus all discovery served on Frontier).

2.  On April 6, 2017, before Frontier filed its notice of removal, plaintiff filed a dismissal without prejudice of her complaint against City. (A copy of the dismissal without prejudice and the amended dismissal without prejudice is attached hereto as Exhibit B). When Frontier filed its notice of removal on April 7, 2017, City no longer was a party to this action.

3.  The parties to this action are plaintiff, who is a citizen of the state of Utah and defendant Frontier, which is a foreign corporation organized and existing under the laws of the State of Colorado with its principal office and principal place of business located at 7001 Tower Road, Denver, Colorado 80249. Frontier is a citizen of Colorado only. There is complete diversity of citizenship between plaintiff and Frontier.

4.  Plaintiff alleges that on July 31, 2016, prior to boarding a Frontier flight from Atlanta, Georgia to Salt Lake City, Utah, she "suffered an embolic stroke, which rendered her immobile and unable to communicate." *Complaint, para. 10.* Plaintiff claims that she was assisted aboard the flight and upon arrival in Salt Lake City, she received "medical attention for stroke," *id. para. 15;* and she "suffered an acquired brain injury that could have been avoided with timely treatment." *Id. para. 16.*

5.  Plaintiff claims that she is entitled to recover "compensation for her medical bills, out-of-pocket expenses, and her pain and suffering." *Id. para. 21.*

6. In determining whether the amount in controversy has been satisfied, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061–62 (11th Cir. 2010)(citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir.2010). "Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Roe,* 613 F.3d at 1062 (citing *Pretka,* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F.Supp.2d 995, 999 (M.D.Ala.2009)). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062. See also, *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001) (district courts may consider whether it is "facially apparent" from a complaint that the amount in controversy is met).

In *Purdiman v. Organon Pharm. USA, Inc.,* No. 2:08-CV-0006-RWS, 2008 WL 686996, at *2 (N.D. Ga. Mar. 12, 2008), the plaintiff alleged that she: (1) sustained "permanent and debilitating" injuries, including developing "severe pulmonary embolisms," as a result of using defendants' birth control device; (2) underwent six hours of medical testing at a hospital in the City of Atlanta; (3)

3

remained in the hospital for approximately six days of treatment and monitoring; (4) was unable to move any part of her body during her entire hospital stay, lest a blood clot in her lung cause her death; (5) suffered "intense pain," (6) must undergo future medical testing, treatment, and monitoring; (7) and was owed lost wages. The district court held that, "[v]iewing these allegations en toto in light of the Court's common sense and experience, the Court concludes that the amount of damages at issue in this action, including past medical bills, the cost of future medical treatment, pain and suffering, and lost wages, more likely than not exceeds $75,000." *Id.* at *2.

The court in **Purdiman** cited the decisions in **Gebbia v. Wal-Mart Stores, Inc.,** 233 F.3d 880, 883 (5th Cir.2000) (where plaintiff in slip and fall case alleged damages including medical expenses, pain and suffering, mental anguish, and loss of enjoyment of life, jurisdictional amount was "facially apparent" based on pleadings); **Turner v. Wilson Foods Corp.,** 711 F. Supp. 624, 626 (N.D.Ga.1989) (complaint alleging severe and permanent injuries, pain and suffering, and lifelong medical expenses "provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court"); **Luckett v. Delta Airlines, Inc.,** 171 F.3d 295, 298 (5th Cir.1999); **Antwine v. Bristol-Myers Squibb Company,** 2004 U.S. Dist. LEXIS 11431, * 9-10, 2004 WL 1391744 (N.D. Tex. June 21, 2004) (court had jurisdiction over claim of unspecified damages where

4

plaintiff sought lost wages, pain and suffering, medical expenses, attorneys' fees, and punitive damages for alleged adverse effects of prescription drug ranging from symptoms indicating possible liver damage to other less serious effects and stating, "applying common sense, it is apparent that, if successful, these claims, more likely than not, reach at least $75,000.00.").

In addition, the district court "may property consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Williams,* 269 F.3d at 1319. In that case, the Eleventh Circuit held:

> We now make explicit what we suggested in *Sierminski* and adopt the approach of the Fifth and Ninth Circuits. When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. See also *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L. Ed. 1135 (1936) (stating that party invoking federal jurisdiction must allege facts essential to show jurisdiction and court may demand evidence supporting such facts).

7.   In light of the nature of the injuries alleged by plaintiff – an embolic stroke that allegedly went untreated for a period of time due to the alleged negligence of Frontier, resulting in brain damage – common sense dictates that the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. § 1332, this is a case which would be

subject to the original jurisdiction of this Court, and therefore this case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and § 1446.

8.  The first Notice of Removal was filed within thirty (30) days of Frontier's first receipt of plaintiff's complaint.

9.  Attached hereto as Exhibit A are true and correct copies of plaintiff's complaint and all summons, process and other pleadings served upon defendants in this case.

10.  Attached hereto as Exhibit B is a copy of plaintiff's dismissal without prejudice of City and amended dismissal without prejudice of City.

11.  Written notice of the filing of this Amended Notice of Removal will be given to all adverse parties as required by law.

11.  A true and correct copy of this Amended Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, as provided by law.

WHEREFORE, defendant Frontier Airlines, Inc. respectfully prays that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 20th day of April, 2017.

/s/ *Anne M. Landrum*
J. Arthur Mozley
Georgia Bar No. 527700
Anne M. Landrum
Georgia Bar No. 433990

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
404.256.0700 Telephone
404.250.9355 Facsimile
amozley@mfllaw.com
alandrum@mfllaw.com

*Attorneys for defendant*
*Frontier Airlines, Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. 17C01240-4 |
| FRONTIER AIRLINES, INC., | ) | removed from the State Court of |
| | ) | Gwinnett County, Georgia) |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify that on this date, I electronically filed the foregoing **AMENDED NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system as well as mailed the same via first class mail in a properly addressed envelope with adequate postage thereon upon the following counsel of record:

J. Marcus Howard, Esq.
Geoffrey E. Pope, Esq.
POPE & HOWARD, P.C.
945 E. Paces Ferry Road
Suite 2525
Atlanta, GA  30326
*Attorneys for plaintiff*

Pursuant to Local Rule 5.1, NDGa., the foregoing pleading is prepared in Times New Roman, 14 point.

This 20th day of April, 2017.

                                          */s/ Anne M. Landrum*
                                          Anne M. Landrum
                                          Georgia Bar No. 433990

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
404.256.0700 Telephone
404.250.9355 Facsimile
alandrum@mfllaw.com
#427822