# EXHIBIT A

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY 2017 MAR 8   AM 8:58
STATE OF GEORGIA

RICHARD ALEXANDER, CLERK

SUE HIATT,                          )
                                    )
            Plaintiff,              )         Civil Action No.
                                    )
v.                                  )
                                    )         **JURY TRIAL DEMANDED**
FRONTIER AIRLINES, INC. and         )
CITY OF ATLANTA                     )         17 C 01240-4
                                    )
            Defendants.             )


Plaintiff Sue Hiatt files the following Complaint:

## PARTIES, JURISDICTION AND VENUE

### 1.

Sue Hiatt brings this action for personal injuries against Defendants based on events on
July 31, 2016.

### 2.

Defendant Frontier Airlines, Inc. ("Frontier"), a Colorado corporation registered to do
business in Georgia.  Frontier is subject to the personal jurisdiction of this court and may be
served through its registered agent, Corporation Services Company, 40 Technology Parkway
South, Suite 300, Ben Hill, Norcross, Gwinnett County, GA, 30092.

### 3.

Defendant the City of Atlanta ("City") is a Georgia municipality, which may be served in
accordance with O.C.G.A s 9-11-4(e)(5).  Defendant City is subject to the jurisdiction of this
court.



4.

On August 25, 2016, Plaintiff, through her attorney, served the City with Ante Litem notice in accordance with the terms of O.C.G.A § 36-33-5.  Plaintiff has complied in all ways with the terms of O.C.G.A § 36-33-5.

5.

Venue is proper in Gwinnett County.

## FACTUAL BACKGROUND

6.

On July 31, 2016 Sue Hiatt was a ticketed passenger on Frontier Airlines Flight 1897 from Hartsfield-Jackson Atlanta International Airport to Salt Lake City, Utah.

7.

Upon arriving at the Airport, Ms. Hiatt checked in at the ticketing County for Frontier and, among other things, requested wheelchair assistance from the ticketing counter to the departure gate, Gate D1.

8.

At some point after checking in, an agent of either the City or Frontier arrived with a wheelchair, and Ms. Hiatt sat in the wheelchair to be transported to the departure gate.

9.

Up to this point, Ms. Hiatt had walked to the ticket counter, waited in line, checked into her flight, requested wheelchair assistance and sat down in the wheelchair on her own power, and was lucid and fully conversational.

10.

While she was being transported by wheelchair from ticketing to the departure gate, Ms. Hiatt suffered an embolic stroke, which rendered her immobile and unable to communicate.

11.

Despite her sudden and obvious change in condition, her wheelchair attendant and the departure gate agents, who were agents of Defendant Frontier, placed Ms. Hiatt onto her flight and into her seat.

12.

Because of her incapacitation, Ms. Hiatt was unable to tell anyone what had happened to her.

13.

At no time did the wheelchair attendant or gate attendants or flight crew make any effort to determine whether Ms. Hiatt needed medical assistance.

14.

At some point during her flight, Ms. Hiatt vomited, which alerted the flight crew that she was ill.

15.

The plane proceeded to Salt Lake City, at which point Ms. Hiatt received medical attention for stroke.

16.

The delay in treatment harmed Ms. Hiatt, including causing her to suffer an acquired brain injury that could have been avoided with timely treatment.

## CLAIMS AGAINST DEFENDANTS

17.

In the vent that the City of Atlanta provided wheelchair assistance to Ms. Hiatt, it had a duty to exercise reasonable care in ensuring the safety of Ms. Hiatt while she was being transported from ticketing to her plane.

18.

At all times relevant to this suit, Frontier was a common carrier, which was charged with extraordinary care in ensuring the safety of its passengers during flight and during the boarding process, including during wheelchair transport from ticketing to the plan.

19.

Defendants violated their duty of care to Ms. Hiatt by failing to observe and respond to her change in condition.

20.

Because of Defendants' violation of their duty to Ms. Hiatt, she suffered harm.

21,

Ms. Hiatt is entitled to recover damages for the harms and losses caused by Defendants' breach of their duty, including compensation for her medical bills, out of pocket expenses, and her pain and suffering.

BASED ON THE ALLEGATIONS ABOVE, Ms. Hiatt asks the Court to:

    (1) Serve Defendants in accordance with law;

    (2) Enter judgment against Defendants for her injuries, including all applicable interest;

    (3) To cast all costs of Court against Defendants; and

(4) To give such other relief as the Court finds proper.

This _8_ day of March, 2017.

POPE & HOWARD, P.C.

BY: _____

J. Marcus Howard
Georgia State Bar No. 370076
Geoffrey E. Pope
Georgia State Bar No. 583880

945 E. Paces Ferry Rd.                    *Attorneys for Plaintiff*
Suite 2525
Atlanta, Georgia 30326
Tel. (404) 885-9999
mhoward@popehoward.com

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Sue Hiatt**

_____

_____

_____

PLAINTIFF

VS.

**Frontier Airlines, Inc.**

c/o Corporation Service Company, Registered Agent

40 Technology Pkwy South, #300, Norcross, GA 30092

DEFENDANT

**⚏7 C 01240-4**

CIVIL ACTION
NUMBER:_____

Includes:
Plaintiff's First Interrogatories, First Request
for Production of Documents, and First
Requests for Admissions to Defendants
Frontier Airlines, Inc. and City of Atlanta

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Marcus Howard
Pope & Howard, PC
945 East Paces Ferry Road, #2525
Atlanta, GA 30326

⊞

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __8th__ day of __March__, 20 _17_.

Richard T. Alexander, Jr.,
Clerk of State Court

By _Paul C Birland_
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011



## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Sue Hiatt**

_____

_____

_____

PLAINTIFF

vs.

**City of Atlanta**

_____

_____

_____

DEFENDANT

**07 C 01240-4**

CIVIL ACTION
NUMBER:_____

Includes:
Plaintiff's First Interrogatories, First
Request for Production of Documents,
and First Requests for Admissions to
Defendants Frontier Airlines, Inc. and
City of Atlanta

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

J. Marcus Howard
Pope & Howard, PC
945 East Paces Ferry Road, #2525
Atlanta, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____8th_____ day of ____March____. 20 17

Richard T. Alexander, Jr.,
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed. make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA   2017 MAR -8  AM 8: 58

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| FRONTIER AIRLINES, INC. and | ) | |
| CITY OF ATLANTA | ) | ⓓ7 ⓒ 01240-4 |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES,
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND
## FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS

Pursuant O.C.G.A. §§ 9-11-26, 9-11-33, 9-11-34 and 9-11-36, Plaintiff serves the

following interrogatories, requests for production of documents and requests for admissions on

Defendants the City of Atlanta and Frontier Airlines, Inc. Within 45 days of service, these

parties are requested to respond and/or to produce documents for copying and inspection at the

office of Plaintiff's counsel.

## INTERROGATORIES

1.

Please identify all documents[1] and files (paper or electronic) ever maintained or obtained

---

[1] For the purpose of these discovery requests, the term "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in Defendant's possession, control or custody or of which it has knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes,

by Defendant regarding the incident at issue in the Complaint.

2.

Please identify the names, addresses and phone numbers of all witnesses who have knowledge or information concerning the incident at issue in the Complaint, and provide a summary of each listed witness's knowledge, including whether such knowledge or information relates to the Plaintiff Hiatt's claims, your defenses, the credibility of any witness, or any other issue in this case. Please specifically identify the flight crew and the names of any passengers in any seat in Plaintiff's row.

3.

Please state all facts and identify all documents supporting any defenses asserted in your Answer or in response to Plaintiff's First Request for Admissions.

4.

To the maximum extent permitted by O.C.G.A. § 9-11-26, please identify all expert witnesses you expect to call to testify at trial, and provide a summary of any opinions they will offer as expert witnesses and the basis for any such opinions. In your identification, please include the following information about each expert:

a.     The expert's complete qualifications as stated in the expert's curriculum vitae or as otherwise made known to you.

---

photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

b.    The number of years of experience the expert has had in his or her specialty.

c.    The services which the expert has been employed to perform.

d.    The agreement for the expert's remuneration.

e.    Whether the expert has ever been a witness in any other lawsuit, and, if so, for each lawsuit give the name of the suit, the kind of suit involved, the name of the court, the date of filing , the name and address of the party for whom he gave evidence.

5.

Please identify all texts, manuals, publications, regulations and other documents you have in your control, custody, or possession related to the provision of assisted boarding for passengers, including wheelchair assistance through the airport and boarding aircraft.

6.

Please identify the person or people responsible for assisting Sue Hiatt from her ticketing gate to the departure gate and on the airplane, as described in the Complaint, and also identify all training they had about how to provide such services.

7.

State with specificity every individual and/or entity who had responsibility for transporting plaintiff by wheelchair from the ticketing counter to her flight on the day of the incident at issue in this case.

8.

Do you contend that you are an improper party to this case or that someone else should be a party to this case?  If so, please state all facts that support these contentions, including the names of any parties you believe should have been named.  Please specifically identify all individuals or entities responsible for any aspect of Ms. Hiatt's ticketing, wheelchair transport, or

3

boarding on the flight described in the Complaint.

9.

Please identify any contracts or agreements between you and any other entity that cover the services provided to Ms. Hiatt in connection with her ticketing, wheelchair assistance, or boarding of the flight at issue in the Complaint.

10.

Please identify, by stating the names of the insurer and insured, term, and policy number, any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. As to each such agreement, please provide the named insured and all other insureds; the limits of liability; and whether or not the insurer has accepted or denied coverage or has agreed to defend under a reservation of rights. NOTE: The purpose of this interrogatory is to eliminate any confusion about the insurance coverage that is available in this case. To that end, this interrogatory seeks a statement under oath providing the actual policy information, including the limits available under each such policy. While the production of a declarations page is requested, please do not respond by merely referring Plaintiff to a declarations page.

11.

Please identify all of your policies and procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the incident at issue in the Complaint regarding assistance to passengers during transport through the airport or during boarding, including wheelchair assistance or boarding assistance of any kind, as well as any

4

such materials related to determining and dealing with medical emergencies involving passengers.

12.

Please describe in detail your version of the facts related to the incident and events described in the Complaint.

13.

If you have ever been a party to any legal proceeding arising out of your provision of wheelchair assistance, assisted transport or boarding, or handling medical emergencies on board or during the boarding of a plane, for each proceeding state the name of the proceeding, your status in the proceeding, the kind of proceeding involved, the date it was filed, whether there was a trial and if so the date and place of trial, and the ultimate disposition of the proceeding.

14.

If you obtained any statements from any source relating to this action, for each statement:

a.       Identify the person who made it.

b.       Identify the person who obtained it.

c.       State the date and time it was obtained.

d.       State whether it was written, sound recorded, or oral, and, if written or sound recorded, the name and address of the person who has custody of it.

15.

Do you contend that Ms. Hiatt was negligent in any manner that may have contributed to her injuries? If so, please state the factual basis or bases for your contention and identify all

documents supporting it.

16.

Do you contend that any person or entity was negligent or otherwise wholly or partially at fault for Ms. Hiatt's injuries? If so, please identify the person or entity, state specifically the negligent act or omission, state the factual basis or bases for this contention, and identify all documents supporting it.

17.

Please identify the person or persons responsible for preparing your responses to these interrogatories, the person or persons whom you consulted during the preparation of your responses to these interrogatories, and identify the interrogatory responses for which those persons listed were responsible or consulted.

18.

Please describe in complete detail all efforts you made to preserve electronic data in your control, custody, or possession that was created in connection with the subject incident, including in your response an identification of all documents related to this effort, the identity of the persons involved in the effort, and the role that each person played.

19.

Please identify the federal regulations that you believe are applicable to you or your agents during the entire ticketing, wheelchair transport, boarding and flight process of Ms. Hiatt.

20.

Please identify all documentation of any kind (documents, text messages, e-mails, reports, video, photos, digital or electronic data, call in sheets, etc.) regarding the events described in the Complaint.

6

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Please produce all documents identified in response to these First Interrogatories or that relate in any way to your responses to any of these First Interrogatories.

2.

Please produce all documents you contend provide evidence supporting your defenses or any denials asserted in your Answer to the Complaint or in response to Plaintiff's First Request for Admissions.

3.

All photographs or videos of the scene of the subject incident, and/or any other person, place or thing that you contend are relevant to this litigation.

4.

All documents and items that can be used to verify and/or analyze your compliance with federal regulations in connection with the subject incident.

5.

All video that depicts in any way any part of the evets at issue in this suit.

6.

A copy of each and every statement made by Sue Hiatt and every document that purports to contain her signature or someone signing on her behalf.

7.

All of Defendants' policies and procedures, rules, guidelines, directives, manuals, handbooks and instructions (including training videos) that were in effect at the time of the subject incident regarding providing special assistance to passengers at any time from ticketing

7

through boarding, as well as during flights and de-planing.  Please also produce any such
materials related to dealing with medical emergencies during a flight.

8.

All documents evidencing communications of any kind between any person working for
or on behalf of you and any of the following persons and entities regarding the subject incident:

a.      Any other defendant or other person or entity who provided services to Sue Hiatt
in connection with her flight at issue in this suit;

b.      Any law enforcement officer or agency;

c.      Any medical care giver of Sue Hiatt;

d.      Any insurance company employee or agent.

9.

All log summaries and violation reports regarding this incident.

10.

All documents evidencing and/or reflecting any internal investigation by you regarding
the subject incident.

11.

All documentation of any kind (documents, reports, video, photos, digital or electronic
data, call in sheets, etc.) regarding the incident or events at issue.

12.

Emails, electronic messages, letters, memos, or other documents concerning the subject
incident.

8

## REQUESTS FOR ADMISSIONS

Pursuant to O.C.G.A. §9-11-36, you are requested to admit the following:

1.

Service of process on you was valid.

2.

Service of process on you was timely.

3.

[to Defendant City of Atlanta only]

Ante litem notice on you was timely and complete.

This __8__ day of March 2017.

Respectfully submitted,

**POPE & HOWARD, P.C.**

BY: _____
J. Marcus Howard
Georgia State Bar No. 370076
Geoffrey E. Pope
Georgia State Bar No. 583880

945 E. Paces Ferry Rd.
Suite 2525
Atlanta, Georgia 30326
Tel. (404) 885-9999
mhoward@popehoward.com

*Attorneys for Plaintiff*

9

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2017 MAR 14  AM 10: 33

RICHARD ALEXANDER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

SUE HIATT

        Plaintiff(s),

vs.

FRONTIER AIRLINES , INC., ET AL

        Defendant(s).

Case No.: 17 C 01240-4

**AFFIDAVIT OF SERVICE**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Christopher Todd Horton, who, first being duly sworn, on oath deposes and states that he/she is a citizen of the United States and 18 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on March 09, 2017 at 12:44 PM, I served City of Atlanta , Cathy Hampton Deptartment of Law by personally serving LENA WOODS, Legal Assistant, located at 55 Trinity Avenue Suite 5000 , Atlanta, GA 30303 with the following: Summons and Complaint, Plaintiff's First Interrogatories, First Request for Production of Documents and First Requests for Admissions to Defendants, Standing Order in all Civil Cases.

Description of person process was left with:

Sex: Female - Skin: Black - Hair: Black - Age: 50-55 - Height: 5ft5in - Weight: 130

Comments: Ms. Woods is a legal secretary in the legal department of the city of Atlanta and is authorized to accept service.

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on ___03/13/2017___

Signed and sworn to before me on this ___ day of _March_, 20__ by an affiant who is personally known to me or produced identification.

_____
Notary Public

Christopher Todd Horton
MLQ Attorney Services
2000 Riveredge Parkway, Suite 885
Atlanta, GA 30328
770-984-7007/800-446-8794

*545126*

Pope & Howard P.C.
Hiatt

LYNETTE LANE
NOTARY
EXPIRES
GEORGIA
JAN 10, 2021
PUBLIC
COBB COUNTY

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2016 DEC 19 AM 9: 29

RICHARD ALEXANDER. CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

16C   07374-5

IN RE: Permanent Process Servers

Case Number:

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2018.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _____ 16 _____ day of _____ Deab _____ , 20 16 .

_____
Presiding Judge
Gwinnett County State Court

Applicant: _Christopher Todd Horton_

Name

Address   _542 Simonton Ridge Trl_
_Lawrenceville, GA 30045_
_c.toddhorton@gmail.com_

D-6

State Court Administrative Standing Order [December 2014], Change 1 [February 2015]

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2017 MAR 14 AM 10: 33

RICHARD ALEXANDER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

SUE HIATT

     Plaintiff(s),

vs.

FRONTIER AIRLINES , INC., ET AL

     Defendant(s).

Case No.: 17 C 01240-4

**AFFIDAVIT OF SERVICE**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Christopher Todd Horton, who, first being duly sworn, on oath deposes and states that he/she is a citizen of the United States and 18 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on **March 09, 2017** at 3:05 PM, I served **Frontier Airlines, Inc.** c/o Corporation Service Company Registered Agent by personally serving **ALISHA SMITH**, Process Specialist, located at **40 TECHNOLOGY P ARKWAY SOUTH, SUITE 300 , NORCROSS, GA 30092** with the following: Summons and Complaint, Plaintiff's First Interrogatories, First Request for Production of Documents and First Requests for Admissions to Defendants, Standing Order in all Civil Cases.

Description of person process was left with:

Sex: Female - Skin: Black - Hair: Black - Age: 30-35 - Height: 5ft8in - Weight: 150

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on    _03/13/2017_

Signed and sworn to before me on
this ___ day of _March_ , 20_17_
by an affiant who is personally known to me
or produced identification.

_Lynette Lay_
Notary Public

              Christopher Todd Horton
              MCO Attorney Services
              2000 Riveredge Parkway, Suite 885
              Atlanta, GA 30328
              770-984-7007/800-446-8794

*545116*

Pope & Howard P.C.
Hiatt



## General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

**Court**
☐ Superior
☑ State

**County** Gwinnett

**Docket #** 17 C 01240 - 4

**Date Filed** 2017 MAR -8 AM 8:58
MM-DD-YYYY

RICHARD ALEXANDER, CLERK

**Plaintiff(s)**

Hiatt, Sue
| Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden |

**Defendant(s)**

Frontier Airlines, Inc.
| Last | First | Middle I. | Suffix Prefix | Maiden |

City of Atlanta
| Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden |

**No. of Plaintiffs** 1

**No. of Defendants** 2

**Plaintiff/Petitioner's Attorney**     ☐ Pro Se

Howard,   J. Marcus
| Last | First | Middle I. | Suffix |

**Bar #** 370076

---

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Presonal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☑ Tort (If tort, fill in right column)
☐ Other General Civil Specify_____

_____

---

### If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify_____

_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

07 C 01240-4

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA
DIVISION 4

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2017 MAR -8  AM 8: 58

RICHARD ALEXANDER, CLERK

STANDING ORDER IN ALL CIVIL CASES
INSTRUCTIONS TO PARTIES AND COUNSEL

This order shall apply to all civil cases assigned to Judge Joseph C. Iannazzone. The

purpose of this Order is to inform the parties and their counsel of the Court's policies, practice

and procedure. It is issued to promote the just and efficient determination of the case. This

Order, in combination with this Court's Local Rules and the Georgia Civil Practice Act shall

govern this case.

CASE ADMINISTRATION

1. Contacting Chambers

Tammy Banks, our Civil Case Manager, is your principal point of contact on matters

relating to this case. Where possible, communication with Ms. Banks should be by telephone

(770-822-8547) or by e-mail (tammy.banks@gwinnettcounty.com). Documents sent by mail,

courier, and hand delivery should be addressed as follows:

Ms. Tammy Banks
Civil Case Manager—Division 4
State Court of Gwinnett County
75 Langley Drive
Lawrenceville, GA 30046

Any documents required to be filed in this case should be addressed and delivered to the Clerk

of State Court rather than Ms. Banks.

The Court's staff attorney is Debra Siegel. She can be reached by telephone (770-822-

8549) or e-mail (debra.siegel@gwinnettcounty.com). Neither the parties nor their counsel should

discuss the merits of the case with Ms. Banks or Ms. Siegel.

-1-

2. Courtesy Copies

Parties are not required to forward courtesy copies of motions and other filings directly to chambers. However, in large cases, electronically transmitted courtesy copies of substantive motions are appreciated.

CASE MANAGEMENT

1. Extension of Time

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolution. The Court seeks to set reasonable but firm deadlines. Motions for extensions, whether opposed, unopposed or by consent, will be granted only upon a showing of good cause.

2. Conferences

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference.

3. Candor in Responsive Pleadings

In accordance with O.C.G.A. § 9-11-8 (b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading. A party may not deny, in his or her responsive pleading, an averment in his or her opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

4. Discovery Responses - Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strongly discouraged. Parties should not carelessly invoke rote objections, i.e., attorney-client privilege, work product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unless the responding party has a valid basis for these

objections. Moreover, general objections are disfavored, i.e., a party should avoid including in his or her response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request should be met with every specific objection thereto - but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections may be disregarded by the Court. Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete. For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows" unless the party expressly indicates whether additional information would have been included in the response but for the objections. Evidence introduced at trial which was requested but not disclosed during the discovery period will not be admitted.

5. Conduct During Depositions

(a) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions.

(b) All objections, except those that would be waived if not made at the deposition under O.C.G.A. § 9-11-32 (d) (3) (8) and those necessary to assert a privilege or to present a motion pursuant to O.C.G.A. § 9-11-30 (d), shall be preserved. Therefore, those objections need not be

made during the course of depositions. If counsel defending a deposition feels compelled to make objections during depositions, he or she should limit the objections to only "objection to form." Defending counsel should only elaborate on his or her objection upon the request of deposing counsel. Defending counsel should avoid speaking objections except in extraordinary circumstances.

(c) Counsel shall not instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

(d) Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more.

(e) Counsel and their witness-clients shall not engage in private off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what. Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(f) Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

(g) Depositions are limited to no more than seven hours of time on the record, exclusive of breaks.

6. Serving Discovery Prior to Expiration of the Discovery Period

All discovery requests must be served early enough so that the responses are due on or before the last day of the discovery period.

7. Extensions of the Discovery Period

Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period, and such motions ordinarily will be granted only in cases where good cause is shown.

8. Motions to Compel Discovery and Objections to Discovery

Prior to filing a motion to compel discovery, the movant, after conferring with the respondent in a good faith effort to resolve the dispute by agreement, should contact the Court's staff attorney and notify her that the movant seeks relief with respect to a discovery matter. Ordinarily, the Court's staff attorney will then schedule a conference call or meeting in which the Court will attempt to resolve the matter without the necessity of a formal motion. This process shall not apply to post-judgment discovery.

9. Motions for Summary Judgment

All Motions for Summary Judgment should be filed within 30 days of the close of discovery.

10. Pretrial Orders

The statement of contentions in the Pretrial Order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified.

5

The defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits intended to be introduced at trial shall be specifically identified. In listing witnesses or exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.

Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, except to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All such identified exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

11. Pretrial Conference and Motions in Limine

Normally, the Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried and to assist in settlement negotiations where appropriate. The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial. Motions in Limine shall be filed before or at the pretrial conference. They will be argued and ruled upon no later than the first day of trial. Motions in Limine filed the day of trial will be reserved.

12. Trial

Requests to charge and proposed verdict forms are required to be submitted to the Court, via email to Ms. Siegel, in Word or WordPerfect format, one (1) business day before the first day of trial. The original request to charge shall be filed with the Clerk of Court. The Court has a standard charge in civil cases covering subjects such as the standard of proof, experts and witness credibility. The Court encourages the parties to refer to the Suggested Pattern Jury

instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a

pattern charge must contain citations to the legal authorities supporting the charge requested.

13. Technology

      Most of our courtrooms are equipped with electronic equipment for use by counsel at trial.

For more information about the equipment, please contact the Court's Civil Case Manager. It is

the parties' responsibility to make sure they know how to use the equipment available, to have

the cords necessary to hook up to the equipment and for insuring that the parties' equipment

interfaces with the Court's technology.

      SO ORDERED, this _29ᵗʰ_ day of _September_, 2016.

                            Joseph C. Iannazzone, Judge
                            State Court of Gwinnett County

7