IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. 17C01240-4 |
| FRONTIER AIRLINES, INC., | ) | removed from the State Court of |
| | ) | Gwinnett County, Georgia) |
| Defendant. | ) | |

## INITIAL DISCLOSURES OF FRONTIER AIRLINES, INC.

Pursuant to Federal Rule of Civil Procedure 26(a) and Local Rule 26.1, defendant Frontier Airlines, Inc., by and through its attorneys, J. Arthur Mozley and Anne M. Landrum at Mozley, Finlayson & Loggins, LLP, hereby makes the following initial disclosures:

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Frontier does not contend that it has been improperly identified.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant**

**contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

The wheelchair service provider is a necessary party to this action. Frontier is working to identify the wheelchair service provider and will supplement this disclosure at such time.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Frontier states that the wheelchair attendant who assisted plaintiff did not inform Frontier that plaintiff was suffering from any medical problem that required immediate attention. Frontier was not aware of any medical problem of plaintiff requiring immediate attention. Frontier denies that plaintiff suffered from any medical problem that required immediate attention during the time that plaintiff was a passenger of Frontier.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

This matter involves common law theories based in tort law and negligence. Investigation is still ongoing, and Frontier reserves the right to supplement or amend this disclosure at a later time.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

Please see Attachment A. All Frontier employees should be contacted through its attorneys, Mozley, Finlayson & Loggins, LLP.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

Frontier anticipates that expert witnesses will be used at the time of trial. Frontier has not yet identified experts and will supplement its Initial Disclosures at a later date.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

3

Please see Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Frontier is not seeking to recover damages and therefore it has no obligation to disclose any computation or calculation of its damages. Frontier is entitled to judgment for costs, expenses, reasonable attorneys' fees and other fees as the Court may deem appropriate.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

The wheelchair service provider may be liable to plaintiff. Frontier is working to identify the wheelchair service provider and will supplement this disclosure at such time.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Frontier Airline states that it is insured under an aviation policy of liability insurance that provides sufficient liability coverage limits to indemnify Frontier from any judgment awarded to plaintiff in this action. Frontier objects to producing a copy of the insurance policy except pursuant to a confidentiality agreement allowing premium information to be redacted from the disclosure.

Respectfully submitted this 11th day of May, 2017.

                                                               */s/ J. Arthur Mozley*
                                                               J. Arthur Mozley
                                                               Georgia Bar No. 527700
                                                               Anne M. Landrum
                                                               Georgia Bar No. 433990

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
404.256.0700 Telephone
404.250.9355 Facsimile
amozley@mfllaw.com
alandrum@mfllaw.com

                                                              *Attorneys for defendant*
                                                              *Frontier Airlines, Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. 17C01240-4 |
| FRONTIER AIRLINES, INC., | ) | removed from the State Court of |
| | ) | Gwinnett County, Georgia) |
| Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE</u>**

I hereby certify that on this date, I served the foregoing INITIAL DISCLOSURES OF FRONTIER AIRLINES by depositing a correct copy of the same in first class mail in a properly addressed envelope with adequate postage thereon addressed to the following counsel of record:

J. Marcus Howard, Esq.
Geoffrey E. Pope, Esq.
POPE & HOWARD, P.C.
945 E. Paces Ferry Road
Suite 2525
Atlanta, GA  30326
*Attorneys for plaintiff*

This 11th day of May, 2017.

*/s/ J. Arthur Mozley*
J. Arthur Mozley
Georgia Bar No. 527700

6

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
404.256.0700 Telephone
404.250.9355 Facsimile
amozley@mfllaw.com