IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT, ) | |
| ) | |
| *Plaintiff,* ) | CIVIL ACTION FILE |
| ) | NO.: 1:17-cv-01264-CAP |
| v. ) | |
| ) | |
| FRONTIER AIRLINES, INC. and ) | |
| ABM AVIATION, INC, ) | |
| ) | |
| *Defendants*. ) | |

## AMENDED COMPLAINT

Plaintiff hereby amends her Complaint as follows:

Pursuant to Northern District Local Rule 15.1, Plaintiff incorporates by reference the allegations set forth in her Complaint for Damages. In addition, Plaintiff substitutes the following for the allegations in the originally filed Complaint:

### PARTIES, JURISDICTION AND VENUE

1.

Sue Hiatt brings this action for personal injuries against Defendants based on events on July 31, 2016.

1

2.

Defendant Frontier Airlines, Inc. ("Frontier"), a Colorado corporation registered to do business in Georgia.  Frontier is subject to the personal jurisdiction of this court and may be served through its registered agent, Corporation Services Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, Gwinnett County, GA, 30092.

3.

Defendant ABM AVIATION, INC. ("ABM") is a Georgia corporation that may be served with process by serving its registered agent for service of process, CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046-4805. Defendant ABM is subject to the jurisdiction of this Court.

4.

Venue is proper in the Atlanta Division of this Court.

5.

This Court has subject matter jurisdiction over this matter.

## FACTUAL BACKGROUND

6.

On July 31, 2016 Sue Hiatt was a ticketed passenger on Frontier Airlines Flight 1897 from Hartsfield-Jackson Atlanta International Airport to Salt Lake City, Utah.

7.

Upon arriving at the Airport, Ms. Hiatt checked in at the ticketing counter for Frontier and, among other things, requested wheelchair assistance from the ticketing counter to the departure gate, Gate D1.

8.

At some point after checking in, an agent of either ABM or Frontier arrived with a wheelchair, and Ms. Hiatt sat in the wheelchair to be transported to the departure gate.

9.

Up to this point, Ms. Hiatt had walked to the ticket counter, waited in line, checked into her flight, requested wheelchair assistance and sat down in the wheelchair on her own power, and was lucid and fully conversational.

10.

While she was being transported by wheelchair from ticketing to the departure gate, Ms. Hiatt suffered an embolic stroke, which rendered her immobile and unable to communicate.

11.

Despite her sudden and obvious change in condition, her wheelchair attendant and the departure gate agents, who were agents of Defendant Frontier, placed Ms. Hiatt onto her flight and into her seat.

12.

Because of her incapacitation, Ms. Hiatt was unable to tell anyone what had happened to her.

13.

At no time did the wheelchair attendant or gate attendants or flight crew make any effort to determine whether Ms. Hiatt needed medical assistance.

14.

At some point during her flight, Ms. Hiatt vomited, which alerted the flight crew that she was ill.

15.

The plane proceeded to Salt Lake City, at which point Ms. Hiatt received medical attention for stroke.

16.

The delay in treatment harmed Ms. Hiatt, including causing her to suffer an acquired brain injury that could have been avoided with timely treatment.

**CLAIMS AGAINST DEFENDANTS**

17.

In the event that ABM provided wheelchair assistance to Ms. Hiatt, it had a duty to exercise reasonable care in ensuring the safety of Ms. Hiatt while she was being transported from ticketing to her plane.

18.

At all times relevant to this suit, Frontier was a common carrier, which was charged with extraordinary care in ensuring the safety of its passengers during flight and during the boarding process, including during wheelchair transport from ticketing to the plane.

19.

Defendants violated their duty of care to Ms. Hiatt by failing to observe and respond to her change in condition.

20.

Because of Defendants' violation of their duty to Ms. Hiatt, she suffered harm.

21.

Ms. Hiatt is entitled to recover damages for the harms and losses caused by Defendants' breach of their duty, including compensation for her medical bills, out of pocket expenses, and her pain and suffering.

BASED ON THE ALLEGATIONS ABOVE, Ms. Hiatt asks the Court to:

(1) Serve Defendants in accordance with law;

(2) Enter judgment against Defendants for her injuries, including all applicable interest;

(3) To cast all costs of Court against Defendants; and

(4) To give such other relief as the Court finds proper.

Respectfully submitted this ___ day of June, 2017.

> POPE & HOWARD, P.C.
>
> _____
> J. Marcus Howard
> Georgia State Bar No. 370076
> 945 E. Paces Ferry Rd., Suite 2525
> Atlanta, Georgia 30326
> 404-885-9999
> mhoward@popehoward.com
> Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **Amended Complaint** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> John Arthur Mozley
> Anne M. Landrum
> Mozley, Finlayson & Loggins
> 5605 Glenridge Drive
> One Premier Plaza, Suite 900
> Atlanta, Georgia 30342-1386

Pursuant to Local Rule 5.1, NDGa, the foregoing pleading is prepared in Times New Roman, 14 point type.

This __ day of June, 2017.

_____
J. Marcus Howard
Georgia Bar No. 370076
mhoward@popehoward.com