IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. |
| | ) | 17C01240-4 |
| FRONTIER AIRLINES, INC. | ) | removed from the State |
| | ) | Court of Gwinnett |
| Defendant | ) | County, Georgia |
| and | ) | |
| | ) | |
| ABM AVIATION, INC., | ) | |
| | ) | |
| Defendant/cross-defendant | ) | |

## ANSWER AND CROSS-CLAIM OF DEFENDANT FRONTIER AIRLINES, INC. TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Frontier Airlines, Inc. ("Frontier"), defendant in the above-styled civil action, and files its answer and cross-claim to the amended complaint as follows:

### FIRST DEFENSE

Plaintiff's amended complaint should be dismissed for failure to state or set forth any cause of action or claim upon which relief can be granted against this defendant.

1

## SECOND DEFENSE

This defendant did not breach any duty owed to plaintiff, and this defendant therefore has no liability to plaintiff.

## THIRD DEFENSE

This defendant avers that it has not been guilty of any negligence, fault or other wrongful conduct, and this defendant therefore has no liability to plaintiff.

## FOURTH DEFENSE

If the occurrence and damages and injuries in question were in fact caused by negligence or fault, then they were caused by acts or failures to act or negligence and fault on the part of other parties, persons or entities, for which conduct this defendant has no responsibility, and for such reasons, among others, this defendant has no liability to plaintiff.

## FIFTH DEFENSE

Subject to further investigation and discovery, and on information and belief and so as to avoid a waiver of this defense, defendant states that plaintiff's claims are barred or reduced by her own contributory or comparative negligence and fault.

## SIXTH DEFENSE

Subject to further investigation and discovery, and on information and belief, and in order to avoid any waiver of such defense at this time, defendant states that at the time and place in question plaintiff by her own acts and failures to act voluntarily assumed the risk of the accident and injuries in question, and for these reasons, among others, defendant is not liable to plaintiff.

## SEVENTH DEFENSE

No conduct of this defendant proximately caused any of plaintiff's alleged injuries or damages.

## EIGHTH DEFENSE

Subject to and without waiving the foregoing defenses, defendant answers the allegations of each numbered paragraph of plaintiff's amended complaint as follows:

1.

In response to the allegations contained in paragraph no. 1 of the amended complaint, defendant denies that it is liable to plaintiff for personal injuries based upon the alleged events of July 31, 2016, and defendant denies that it is liable to plaintiff on any ground or for any reason. Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph no. 1, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

2.

Admitted.

3.

Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 3, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

4.

Admitted.

5.

Admitted.

6.

Defendant admits that on July 31, 2016, Sue Shrum was a ticketed passenger on Frontier Flight 1897 from Hartsfield-Jackson International Airport to Salt Lake City, Utah. Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph no.

6, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

7.

Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 7, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

8.

In response to the allegations contained in paragraph no. 8, defendant denies that the alleged wheelchair attendant was defendant's agent. Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph no. 8, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

9.

Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 9, and defendant

therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

10.

Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 10, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

11.

Defendant admits that Sue Shrum boarded the flight. Defendant denies the remaining allegations contained in paragraph no. 11.

12.

Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 12, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

13.

Defendant denies as pled the allegations contained in paragraph no.13.

14.

Defendant denies as pled the allegations contained in paragraph no. 14.

15.

Defendant admits the flight landed in Salt Lake City, Utah. Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph no. 15, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

16.

Defendant denies as pled the allegations contained in paragraph 16.

17.

Defendant currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph no. 17, and defendant therefore can neither admit nor deny the truth of said allegations at this time, and said allegations therefore stand automatically denied by operation of law.

18.

Defendant admits that it is a common carrier and that its duties toward its passengers are governed by applicable statutes, rules and regulations and contracts of carriage. Defendant denies as pled the remaining allegations contained in paragraph no. 18.

19.

Defendant denies the allegations contained in paragraph no. 19.

20.

Defendant denies the allegations contained in paragraph no. 20.

21.

Defendant denies the allegations contained in paragraph no. 21.

22.

Defendant denies the allegations contained in the last, unnumbered paragraph and prayer for relief.

23.

All allegations of the amended complaint not heretofore responded to are hereby denied.

WHEREFORE, having fully responded, Frontier Airlines, Inc. requests that the amended complaint against it be dismissed and all costs assessed against plaintiff.

## CROSSCLAIM OF DEFENDANT FRONTIER AIRLINES, INC. AGAINST DEFENDANT ABM AVIATION, INC.

1.

At all times relevant hereto, defendant ABM Aviation, Inc. ("ABM") was under contract with Frontier to provide wheelchair and passenger assistance

services to passengers boarding Frontier flights at the Hartsfield-Jackson International Airport in Atlanta, Georgia, including Flight 1897 on July 31, 2016, which flight is the subject of this litigation.

2.

By virtue of its contractual relationship with Frontier, ABM owes Frontier obligations of contractual indemnity and common-law indemnity with respect to plaintiff's claims in this action.

3.

ABM's obligations of indemnity require ABM to provide Frontier with a defense against the allegations of plaintiff, and to insure and indemnify Frontier from and against any damages that may be awarded to plaintiff, and reimburse Frontier for its attorneys' fees and expenses incurred in defense of this action.

4.

By virtue of this cross-claim, Frontier demands that ABM provide it with a defense and indemnity in this action.

5.

Should ABM refuse to defend and indemnify Frontier from and against plaintiff's claims, Frontier is entitled to recover from ABM its attorneys' fees and

expenses in this action and any damages that may be awarded to plaintiff against Frontier.

WHEREFORE, Frontier prays that its cross-claim against ABM be sustained, that it be awarded its costs and expenses of this litigation, and that ABM be required to indemnify Frontier from and against all damages and awards to plaintiff, if any.

## JURY DEMAND

Defendant respectfully demands trial by jury.

Respectfully submitted this 16th day of June, 2017.

> */s/ J. Arthur Mozley*
> J. Arthur Mozley
> Georgia Bar No. 527700
>
> */s/ Anne M. Landrum*
> Anne M. Landrum
> Georgia Bar No. 433990

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
404.256.0700 Telephone
404.250.9355 Facsimile
amozley@mfllaw.com
alandrum@mfllaw.com

> *Attorneys for defendant*
> *Frontier Airlines, Inc.*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. |
| | ) | 17C01240-4 |
| FRONTIER AIRLINES, INC. | ) | removed from the State |
| | ) | Court of Gwinnett |
| Defendant | ) | County, Georgia |
| and | ) | |
| | ) | |
| ABM AVIATION, INC., | ) | |
| | ) | |
| Defendant/cross-defendant | ) | |

**CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

I hereby certify that on this date, I electronically filed the foregoing **ANSWER AND CROSS-CLAIM OF DEFENDANT FRONTIER AIRLINES, INC. TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will insure service upon counsel of record:

J. Marcus Howard, Esq.
Geoffrey E. Pope, Esq.
POPE & HOWARD, P.C.
945 E. Paces Ferry Road
Suite 2525
Atlanta, GA  30326
*Attorneys for plaintiff*

11

And by first class mail with sufficient postage affixed thereto to insure delivery, addressed to:

>ABM Aviation, Inc.
>c/o CT Corporation System, Registered Agent
>289 S. Culver Street
>Lawrenceville, Georgia 30046-4805

Pursuant to Local Rule 5.1, NDGa., the foregoing pleading is prepared in Times New Roman, 14 point.

This 16th day of June, 2017.

>*/s/ Anne M. Landrum*
>Anne M. Landrum
>Georgia Bar No. 433990

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
404.256.0700 Telephone
404.250.9355 Facsimile
alandrum@mfllaw.com
#432431