IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| *Plaintiff,* | ) | **CIVIL ACTION FILE** |
| | ) | **NO.: 1:17-cv-01264-CAP** |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC. and | ) | |
| ABM AVIATION, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

**CONSENT MOTION FOR LEAVE TO AMEND COMPLAINT TO JOIN AIRPORT TERMINAL SERVICES, INC. AS A DEFENDANT AND <u>SUPPORTING BRIEF</u>**

Plaintiff moves this Court as follows:

### I.   INTRODUCTION AND STATEMENT OF FACTS

This case arises out of an incident on July 31, 2016 involving Plaintiff Sue Hiatt during the boarding process and flight on an aircraft operated by Defendant Frontier Airlines, Inc. ("Frontier"). Defendant Frontier Airlines recently amended its initial disclosures to identify Airport Terminal Services, Inc. ("ATS") as the company that provided gate agents at Frontier's arrival and departure gates at the Hartsfield-Jackson International Airport in Atlanta, Georgia on the day of the incident alleged in the complaint. As is detailed in the attached Amended Complaint, Plaintiff alleges that ATS was negligent in that the ATS employee(s) who checked

1

Ms. Hiatt in at her gate made no effort to determine whether Ms. Hiatt was in need of medical assistance, which is the central allegation of negligence in this case. The statute of limitation on Plaintiff's claims against ATS will not expire until July 31, 2018. Rather than file a separate action against ATS, Plaintiff seeks to join ATS as a defendant in this case. Defendants Frontier and ABM consent to this motion.

## II.   ARGUMENT AND CITATION OF AUTHORITIES

Federal Rules of Civil Procedure 15 provides that except in circumstances not relevant here "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, all parties are consenting, and Plaintiff requests the Court grant leave to ensure that all responsible parties are brought together in one action. Although the deadline to amend pleadings recently passed, Plaintiff was not aware of ATS's involvement until very recently.

Joinder of Airport Terminal Services, Inc. is also permitted under Federal Rule of Civil Procedure 20, which provides that "[p]ersons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). In this case, Airport Terminal Services, Inc. fits this definition. Plaintiff alleges that

Airport Terminal Services, Inc. had an opportunity to avoid the injury suffered by Ms. Hiatt had it acted appropriately.  Thus, Airport Terminal Services, Inc. fits the definition under Rule 20 because Plaintiff asserts the right to recover for her injuries against all defendants with respect to the circumstances leading to her injuries.

From a practical standpoint, it makes sense to permit Plaintiff to join Airport Terminal Services, Inc. to this action.  The other alternative would be for Plaintiff to file a separate action against Airport Terminal Services, Inc., which would create duplication and inefficiency.  Since all parties consent, there is no reason to force Plaintiff to file a separate action against Airport Terminal Services, Inc.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the attached Consent Order permitting Plaintiff to file its Second Amended Complaint and join Airport Terminal Services, Inc. as a defendant.  Attached as Exhibit A is a proposed consent order and attached as Exhibit B is the Second Amended Complaint.

Respectfully submitted this 30th day of June, 2017.

                    POPE & HOWARD, P.C.

                    */s/ J. Marcus Howard*
                    J. Marcus Howard
                    Georgia Bar No. 370076
                    945 E. Paces Ferry Road, Suite 2525
                    Atlanta, Georgia 30326
                    404-885-9999
                    mhoward@popehoward.com
                    Attorneys for Plaintiff

CONSENTED TO BY:
MOZLEY, FINLAYSON & LOGGINS, LLP

*/s/ Anne M. Landrum*
Anne M. Landrum
Georgia Bar No. 433990
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386
404-245-0700
alandrum@mfllaw.com
*Attorneys for Defendant*
*Frontier Airlines, Inc.*

HALL BOOTH SMITH, PC

*/s/ Justin M. Kerenyi*
Justin M. Kerenyi
Georgia Bar No. 416623
191 Peachtree St. NE, Suite 2900
Atlanta, Georgia 30303
404-954-5000
jkerenyi@hallboothsmith.com
*Attorneys for Defendant*
*ABM Aviation, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing **Consent Motion for Leave to Amend Complaint to Join ABM Aviation, Inc. as a Defendant** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John Arthur Mozley
Anne M. Landrum
Mozley, Finlayson & Loggins
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386

Justin M. Kerenyi
JD Howard
Sam Crochet
Hall Booth Smith, PC
191 Peachtree St. NE, Suite 2900
Atlanta, Georgia 30303

Pursuant to Local Rule 5.1, NDGa, the foregoing pleading is prepared in Times New Roman, 14 point type.

This 30th day of June, 2017.

/s/ J. Marcus Howard
J. Marcus Howard
Georgia Bar No. 370076
mhoward@popehoward.com

5