IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | 1:17-CV-01264-CAP |
| ) | |
| FRONTIER AIRLINES, INC. and ) | |
| ABM AVIATION, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT ABM AVIATION, INC.'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendant ABM Aviation, Inc. (hereinafter "ABM") is properly named and identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contentions.

**ABM is unaware of any additional necessary parties.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**ABM states that at this time it has not yet confirmed that any of its wheelchair employees assisted the Plaintiff on the day of incident as alleged. Even if Plaintiff was assisted by an ABM employee, ABM is not aware of dispositive evidence that said employee, was aware, or should have been aware, that Plaintiff suffered from any medical problem or condition that may have required immediate medical attention. ABM was not otherwise aware of Plaintiff having any medical problem that may have required immediate attention. ABM also denies the allegation that Plaintiff was suffering from a serious medical condition requiring immediate medical attention during the time she was allegedly assisted by ABM's employee.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**This case involves common law theories of negligence and related tort law. Defendant ABM's investigation is just beginning and it reserves the right to supplement this disclosure as discovery continues.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**A list of witnesses is attached to these Initial Disclosures as Attachment A. All ABM employees should be contacted through counsel for ABM (Hall Booth Smith, PC). Defendant ABM's investigation is just beginning and it reserves the right to supplement this disclosure as discovery continues.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**An expert has not been identified and retained at this point, but ABM anticipates it will retain at least one expert and has the right to supplement these Initial Disclosures at a later date if necessary.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support

your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**Please see the enclosed document list and descriptions attached to these Initial Disclosures as Attachment C. ABM is still investigating Plaintiff's claims and allegations. As such, ABM reserves the right to supplement these Initial Disclosures at a later date if necessary.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.

**ABM is not currently seeking any claim for damages in this action. ABM is entitled to judgment for costs, expenses, reasonable attorneys' fees, and other fees as the Court may deem appropriate.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Co-defendants Frontier Airlines and Airport Terminal Services may be liable in whole or in part to Plaintiff in this matter on account of their own independent duties, dealings and interactions with Plaintiff during the alleged incident.**

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**ABM objects on the grounds its insurance policy is confidential proprietary information. ABM will produce these materials subject to the entry on the Court's docket of a Confidentiality Protective Order that restricts the use of such documents/information to this lawsuit. ABM objects to producing a copy of the entire insurance policy.**

This 17th day of July, 2017.

        Respectfully submitted,

        **HALL BOOTH SMITH, P.C.**

        /s/ Justin M. Kerenyi
        JUSTIN M. KERENYI
        Georgia Bar No. 416623
        JD HOWARD
        Georgia Bar No. 975699

        *Attorneys for Defendant ABM Aviation, Inc.*

191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000

## Certification Under L.R.7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendant ABM Aviation, Inc. certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 17th day of July, 2017.

**HALL BOOTH SMITH, P.C.**

/s/ Justin M. Kerenyi
JUSTIN M. KERENYI
Georgia Bar No. 416623
JD HOWARD
Georgia Bar No. 975699

*Attorney for Defendant ABM Aviation, Inc.*

191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303
(404) 954-5000

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed with the Clerk of Court ***DEFENDANT ABM AVIATION, INC.'S INITIAL DISCLOSURES*** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

| | |
|---|---|
| J. Marcus Howard, Esq.<br>POPE & HOWARD, P.C.<br>945 E. Paces Ferry Road, Suite 2525<br>Atlanta, GA  30326 | Anne M. Landrum, Esq.<br>J. Arthur Mozley, Esq.<br>Mozley, Finlayson & Loggins LLP<br>One Premier Plaza<br>Suite 900<br>5605 Glenridge Drive NE<br>Atlanta, GA 30342 |

This 17th day of July, 2017.

**HALL BOOTH SMITH, P.C.**

/s/ Justin M. Kerenyi
JUSTIN M. KERENYI
Georgia Bar No. 416623
JD HOWARD
Georgia Bar No. 975699

*Attorney for Defendants ABM Aviation, Inc.*

191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
(404) 954-5000