IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Civil Action File |
| v. | ) No. 1:17-cv-01264-CAP |
| | ) |
| FRONTIER AIRLINES, INC., | ) |
| ABM AVIATION, INC., AND | ) |
| AIRPORT TERMINAL SERVICES, | ) |
| INC. | ) |
| | ) |
| *Defendants*. | |

### ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

COMES NOW, Defendant Airport Terminal Services, Inc. (hereinafter referred to as "ATS" or "Defendant"), by and through its undersigned counsel of record, and hereby submits Defendant's Answer and Affirmative Defenses to Second Amended Complaint (hereinafter referred to as the "Complaint") filed herein as set forth below:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to recover from ATS because it breached no legal duty to Plaintiff as alleged in Plaintiff's Complaint or otherwise.

1

## SECOND DEFENSE

No act or omission on the part of ATS was the proximate cause of the injuries or damages sought by way of Plaintiff's Complaint.

## THIRD DEFENSE

To the extent the damages sought by way of Plaintiff's Complaint were solely the result of Plaintiff's negligence, Plaintiff's recovery against ATS is barred.

## FOURTH DEFENSE

To the extent the damages sought by way of Plaintiff's Complaint were the result of Plaintiff's comparative negligence, Plaintiff's recovery against ATS is barred or should be reduced by the proportion of her negligence.

## FIFTH DEFENSE

The Complaint fails, is barred and should be dismissed in that Plaintiff failed to state a claim upon which relief can be granted.

## SIXTH DEFENSE

The Complaint is barred by improper or insufficient service of process where Plaintiff failed to serve all pleadings upon ATS.

## SEVENTH DEFENSE

The Complaint is barred by lack of jurisdiction over the person.  The

Complaint fails to state the residency status of the Plaintiff rendering a jurisdiction determination impossible.

### EIGHTH DEFENSE

The Complaint is barred by improper venue. The Complaint fails to state the residency status of the Plaintiff rendering a venue determination impossible.

### NINTH DEFENSE

ATS was not involved in the incident that is the subject of this Complaint, and therefore, is not a proper party to this action.

### TENTH DEFENSE

The proximate cause of Plaintiff's damages, if any, were the result of acts or negligence by third parties, other persons or entities for whose acts or omissions ATS is not liable and therefore, Plaintiff is not entitled to a recovery from ATS.

### ELEVENTH DEFENSE

Subject to further investigation and discovery, and on information and belief, and in order to avoid any waiver of such defenses at this time, ATS states that Plaintiff's claims are preempted by the Airline Deregulation Act and/or the Air Carrier Access Act.

### TWELFTH DEFENSE

Subject to further investigation and discovery, and on information and belief,

and in order to avoid any waiver of such defenses at this time, ATS states that the information set forth in the Complaint is insufficient to determine whether this matter is governed by the Montreal Convention and therefore ATS specifically reserves the right to assert any and all defenses and limitations applicable under the Montreal Convention should it be determined that said Convention applies to this matter.

### **THIRTEENTH DEFENSE**

Without waiving any of the above styled special defenses and specifically reserving the right to amend the above-styled defenses and to add additional affirmative or special defenses, ATS hereby responds to the individually numbered paragraphs in the Plaintiff's Complaint and shows the Court as follows:

1.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 1 of the Complaint, which is therefore denied.

2.

The allegations contained in Paragraph 2 of the Complaint are admitted.

3.

The allegations contained in Paragraph 3 of the Complaint are admitted.

4.

The allegations contained in Paragraph 4 of the Complaint are admitted.

5.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, which are therefore denied.

6.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint, which are therefore denied.

7.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint, which are therefore denied.

8.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint, which are therefore denied.

9.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint, which are therefore denied.

10.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint, which are therefore denied.

11.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint, which are therefore denied.

12.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first Paragraph 12 of the Complaint, which are therefore denied.

12. [The Complaint contains two Paragraph 12s].

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second Paragraph 12 of the

Complaint, which are therefore denied.

13.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint, which are therefore denied.

14.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint, which are therefore denied.

15.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, which are therefore denied.

16.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, which are therefore denied.

17.

ATS is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 17 of the Complaint, which are therefore denied.

18.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, which are therefore denied.

19.

ATS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint, which are therefore denied.

20.

ATS denies the allegations contained in Paragraph 20 of the Complaint.

21.

ATS denies the allegations contained in Paragraph 21 of the Complaint.

22.

ATS denies the allegations contained in Paragraph 22 of the Complaint.

23.

Any allegation or request for relief not specifically addressed herein is denied.

WHEREFORE, having fully responded to the Complaint, and having shown the Court that Plaintiff is not entitled to recovery.  ATS requests that the Court issue an Order dismissing it without liability and casting all attorney's fees, expenses of litigation and costs to the Plaintiff.

Dated this 11th day of August 2017.

                                                  **BENTLEY, BENTLEY & BENTLEY**

                                                  /s/ Fred D. Bentley, Jr.
                                                  Fred D. Bentley, Jr.
                                                  Georgia Bar Number 052850
                                                  Jamie S. Wingler
                                                  Georgia Bar Number 770708
                                                  *Attorneys for Airport Terminal Services, Inc.*

241 Washington Avenue
Marietta, Georgia 30060
770-422-2300 Telephone
770-424-5820 Fax
Email:  fred.bentley@bbandblaw.com
        jamie.wingler@bbandblaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action File |
| v. ) | No. 1:17-cv-01264-CAP |
| ) | |
| FRONTIER AIRLINES, INC., ) | |
| ABM AVIATION, INC., AND ) | |
| AIRPORT TERMINAL SERVICES, ) | |
| INC. ) | |
| ) | |
| *Defendants*. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Answer and Affirmative Defenses to Second Amended Complaint by electronic filing and First-Class Mail delivery upon:

J. Marcus Howard
Pope & Howard, PC
945 East Paces Ferry Road
Suite 2525
Atlanta, Georgia 30326

John Arthur Mozley
Anne M. Landrum
Mozley, Finlayson & Loggins
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386

Justin M. Kerenyi
JD Howard
Sam Crochet
Hall Booth Smith, PC
191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303

Pursuant to Local Rule 5.1, NDGA, the foregoing pleadings are prepared in Times New Roman, 14 point type.

Dated this 11th day of August 2017.

**BENTLEY, BENTLEY & BENTLEY**

/s/ Fred D. Bentley, Jr.
Fred D. Bentley, Jr.
Georgia Bar Number 052850
Jamie S. Wingler
Georgia Bar Number 770708
*Attorneys for Airport Terminal Services, Inc.*

241 Washington Avenue
Marietta, Georgia 30060
770-422-2300 Telephone
770-424-5820 Fax
Email:  fred.bentley@bbandblaw.com
         jamie.wingler@bbandblaw.com