**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SUE HIATT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) **Civil Action File** |
| v. | ) **No. 1:17-cv-01264-CAP** |
| | ) |
| FRONTIER AIRLINES, INC., | ) |
| ABM AVIATION, INC., AND | ) |
| AIRPORT TERMINAL SERVICES, | ) |
| INC. | ) |
| | ) |
| *Defendants*. | |

<u>**INITIAL DISCLOSURES OF AIRPORT TERMINAL SERVICES, INC.**</u>

Pursuant to Federal Rule of Civil Procedure 26(a) and Local Rule 26.1, Defendant Airport Terminal Services, Inc. (hereinafter "ATS"), by and through its attorneys, Fred D. Bentley, Jr. and Jamie S. Wingler at Bentley, Bentley & Bentley, hereby makes the following initial disclosures:

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

ATS has been correctly identified.

1

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

None.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

ATS was not aware of any condition of Plaintiff requiring medical attention. ATS denies that Plaintiff suffered from any condition that required medical attention during any interaction with ATS or its employees.  The claim may be preempted by the Airline Deregulation Act which prohibits a state from enforcing a provision having the force and effect of law related to a price, route, or service of an air carrier.  The investigation is ongoing, therefore, ATS reserves the right to supplement or amend this disclosure.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Plaintiff has alleged negligence on the part of ATS as the basis for her claim. The claim may be preempted by the Airline Deregulation Act which prohibits a state from enforcing a provision having the force and effect of law related to a price, route, or service of an air carrier. The investigation is ongoing, therefore, ATS reserves the right to supplement or amend this disclosure.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.  ATS and its employees should be contacted through its attorneys.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

To this point, no expert has been identified by ATS.  However, ATS will supplement this disclosure should an expert become necessary.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

ATS is not in possession of any such item at this time.  The investigation is ongoing, therefore, ATS reserves the right to supplement or amend this disclosure.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

ATS is not seeking damages.  However, ATS seeks costs, expenses and reasonable attorney's fees as the Court may deem just and proper.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendants Frontier Airlines, INC. and/or ABM Aviation, INC. may be liable to Plaintiff.  The investigation is ongoing, therefore, ATS reserves the right to supplement or amend this disclosure.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

ATS objects to this disclosure except pursuant to a confidentiality agreement.

Respectfully submitted this 24th day of August 2017.

**BENTLEY, BENTLEY & BENTLEY**


/s/ Fred D. Bentley, Jr.
Fred D. Bentley, Jr.
Georgia Bar Number 052850

Jamie S. Wingler
Georgia Bar Number 770708
*Attorneys for Airport Terminal Services, Inc.*

241 Washington Avenue
Marietta, Georgia 30060
770-422-2300 Telephone
770-424-5820 Fax
Email:  fred.bentley@bbandblaw.com
         jamie.wingler@bbandblaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **SUE HIATT,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| | )   **Civil Action File** |
| **v.** | )   **No. 1:17-cv-01264-CAP** |
| | ) |
| **FRONTIER AIRLINES, INC.,** | ) |
| **ABM AVIATION, INC., AND** | ) |
| **AIRPORT TERMINAL SERVICES,** | ) |
| **INC.** | ) |
| | ) |
| *Defendants.* | |

## CERTIFICATE OF SERVICE AND LR 5.1 COMPLAINCE

This is to certify that I have this day served a copy of the foregoing Initial

Disclosures of Airport Terminal Services, Inc. by electronic filing and First-Class

Mail delivery upon:

J. Marcus Howard
Pope & Howard, PC
945 East Paces Ferry Road
Suite 2525
Atlanta, Georgia 30326

John Arthur Mozley
Anne M. Landrum
Mozley, Finlayson & Loggins
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386

Justin M. Kerenyi
JD Howard
Sam Crochet
Hall Booth Smith, PC
191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303

     Pursuant to Local Rule 5.1, NDGA, the foregoing pleadings are prepared in

Times New Roman, 14 point type.

     Respectfully submitted this 24th day of August 2017.

                        **BENTLEY, BENTLEY & BENTLEY**


                        /s/ Fred D. Bentley, Jr.
                        Fred D. Bentley, Jr.
                        Georgia Bar Number 052850
                        Jamie S. Wingler
                        Georgia Bar Number 770708
                        *Attorneys for Airport Terminal Services, Inc.*

241 Washington Avenue
Marietta, Georgia 30060
770-422-2300 Telephone
770-424-5820 Fax
Email:  fred.bentley@bbandblaw.com
        jamie.wingler@bbandblaw.com

ATTACHMENT "A"

The names and telephone numbers of individuals likely to have discoverable information that Airport Terminal Services, Inc. may use to support its defenses are as follows:

1.  Mandisa Magagula, Frontier's supervisor on duty;

2.  Johanna Williams, Frontier flight attendant;

3.  Isaac Afetornu, Frontier flight attendant;