# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
|     *Plaintiff,* | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:17-cv-01264-CAP |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC., | ) | |
| ABM AVIATION, INC., AND | ) | |
| AIRPORT TERMINAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
|     *Defendants*. | ) | |

## AMENDED JOINT PRELIMINARY PLANNING REPORT

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**This is an action for personal injuries claimed to have occurred during the process of boarding a commercial aircraft and during a domestic flight.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff alleges that Defendants, a commercial airline and/or its contractors, failed to provide timely medical care during boarding and during a flight. Defendants deny all allegations.**

1

    (c)    The legal issues to be tried are as follows:

**Negligence (including appropriate duty), causation, and damages.**

    (d)    The cases listed below (include both style and action number) are:

(1) Pending Related Cases**:**

**None.**

(2) Previously Adjudicated Related Cases:

**None.**

**2.**    **This case is complex because it possesses one or more of the features listed below (please check):**

```
_____      (1)   Unusually large number of parties
_____      (2)   Unusually large number of claims or defenses
_____      (3)   Factual issues are exceptionally complex
_____      (4)   Greater than normal volume of evidence
__X__      (5)   Extended discovery period is needed
_____      (6)   Problems locating or preserving evidence
_____      (7)   Pending parallel investigations or action by government
__X__      (8)   Multiple use of experts
_____      (9)   Need for discovery outside United States boundaries
__X__      10)   Existence of highly technical issues and proof
_____      (11)  Unusually complex discovery of electronically stored information
```

**Plaintiff and her treating physicians reside in Utah and it is possible that witnesses reside in other states. Due to multiple parties and out of state witnesses, the parties will need additional time for discovery.**

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

**J. Marcus Howard**
**Geoffrey E. Pope**
**Pope & Howard, P.C.**
**945 East Paces Ferry Road NE, Suite 2525**
**Atlanta, Georgia 30326**
**Telephone: (404) 885-9999**
**Facsimile: (404) 885-9998**
**Email:       mhoward@popehoward.com**
**             gpope@popehoward.com**

**Defendant Frontier Airlines, Inc.:**
**J. Arthur Mozley**
**Anne M. Landrum**
**Mozley, Finlayson & Loggins, LLP**
**5605 Glenridge Drive**
**One Premier Plaza, Suite 900**
**Atlanta, Georgia 30342-1386**
**Telephone: (404) 256-0700**
**Facsimile: (404) 250-9355**
**Email:       amozley@mfllaw.com**
**             alandrum@mfllaw.com**

**Defendant ABM Aviation, Inc.:**
**Justin M. Kerenyi**
**Hall Booth Smith, PC**
**191 Peachtree St. NE, Suite 2900**
**Atlanta, Georgia 30303**
**Telephone: (404) 954-5000**
**Facsilime:   (404) 954-5020**
**Email:       jkerenyi@hallboothsmith.com**


**Defendant Airport Terminal Services, Inc.:**
**Fred D. Bentley, Jr.**
**Jamie S. Wingler**
**Bentley, Bentley & Bentley**

3

**241 Washington Ave.**
**Marietta, Georgia 30060**
**Telephone: (770) 422-2300**
**Facsimile:  (770) 424-5820**
**Email:       Fred.bentley@bbandblaw.com**
**                    Jamie.wingler@bbandblaw.com**

**4.     Jurisdiction:**

Is there a question regarding this Court's jurisdiction?

_____ Yes     __X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to this Action:**

(a)     The following persons are necessary parties who have not been joined:

**Plaintiff plans to add any non-parties identified by Defendants who may be at fault.  Plaintiff added Defendant ABM Aviation, Inc. on June 5, 2017 and Defendant Airport Terminal Services on July 6, 2017.**

(b)     The following persons are improperly joined as parties:

**None.**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendment to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

**If Defendants identify non-parties who may be at fault, Plaintiff will amend the complaint**.  **Plaintiff already has amended the Complaint twice to add new parties.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Amended Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All other motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

**Because new parties recently have been added, the parties request that the deadline for filing motions should be thirty (30) days after the filing of the last answer.**

(a)     *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions:* refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Per the Court's earlier order, <u>Daubert</u> motions with regard to expert testimony no later than 30 days after the close of discovery.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties do not object to initial disclosures**.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with this Court? If so, please state the issues which could be addressed and the position of each party.

**No.**

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed.

**Factual and expert discovery, including factual and medical discovery from medical professionals and witnesses who reside in Utah.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state the reasons in detail below.

**The parties request eight months for discovery as a significant number of witnesses reside in Utah. Also, there are complex medical issues that may require testimony of physicians who reside in Utah. Two Defendants were recently added, and the parties request eight (8) months of discovery, ending on May 10, 2018.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None**.

(b)  If any party seeking discovery of electronically stored information:

\_\_\_\_\_X_____ Yes         _____ No

If yes:

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The only anticipated e-discovery would be internal electronic communications of Defendants regarding the incident.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files). Portable Document Format (PDF), or native), method of production (e.g., paper or disc), and the inclusion or exclusion and use of metadata, and have agreed a follows:

**The parties will use disks with files in PDF format.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders to the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None anticipated at this time.**

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they have conducted a Rule 26(f) conference that was held on September 1, 2017 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

> For Plaintiff:  Lead counsel (signature): **/s/ J. Marcus Howard**
> Other participants: **None**
>
> For Defendant Frontier Airlines, Inc.: Lead counsel (signature): **/s/ Anne M. Landrum**
> Other participants: **None**
>
> For Defendant ABM Aviation, Inc.: Lead counsel (signature): **/s/ Justin Kerenyi**
> Other participants: **None**

For Defendant Airport Terminal Services, Inc.: Lead counsel (signature):
*/s/ Jamie S. Wingler*
Other participants: **None**

(b) All parties were promptly informed of all offers of settlement and the following discussion by all counsel, it appears that there is now:

(__)   A possibility of settlement before discovery.
(_X_) A possibility of settlement after discovery.

(__)   A possibility of settlement, but a conference with the judge is needed.

(__)   No possibility of settlement.

(c)   Counsel (_X_) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is two weeks after the close of the discovery period.

(d)   The following specific problems have created a hindrance to settlement of this case:

**None**.

14. **Trial by Magistrate Judge:**

Note:   Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, 201__.

(b)   The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

9

Respectfully submitted this 25th day of September, 2017.

| | |
|---|---|
| */s/ J. Marcus Howard* | */s/ Anne M. Landrum* |
| J. Marcus Howard | Anne M. Landrum |
| Georgia Bar No. 370076 | Georgia Bar No. 433990 |
| Pope & Howard, P.C. | Mozley, Finlayson & Loggins, LLP |
| 945 East Paces Ferry Road | 5605 Glenridge Drive |
| Suite 2525, Resurgens Plaza | One Premier Plaza, Suite 900 |
| Atlanta, Georgia 30326 | Atlanta, Georgie 30342-1386 |
| (404) 885-9999 | (404) 256-0700 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| | Frontier Airlines, Inc. |
| | |
| */s/ Justin Kerenyi* | */s/ Jamie S. Wingler* |
| Justin Kerenyi | Jamie S. Wingler |
| Georgia Bar No. 471721 | Georgia Bar No. 770708 |
| Hall Booth Smith, PC | Bentley, Bentley & Bentley |
| 191 Peachtree St. NE, Suite 2900 | 241 Washington Ave. |
| Atlanta, Georgia 30303 | Marietta, Georgia 30060 |
| (404) 954-5000 | (770) 422-2300 |
| | |
| Attorneys for Defendant | Attorneys for Defendant |
| ABM Aviation, Inc. | Airport Terminal Services, Inc. |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT, ) | |
| ) | |
| *Plaintiff,* ) | CIVIL ACTION FILE |
| ) | NO.: 1:17-cv-01264-CAP |
| v. ) | |
| ) | |
| FRONTIER AIRLINES, INC., ) | |
| ABM AVIATION, INC., AND ) | |
| AIRPORT TERMINAL ) | |
| SERVICES, INC., ) | |
| ) | |
| *Defendants*. ) | |

## [PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Amended Joint Preliminary Planning Report form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this ____, day of _____, 2017.

                                                                                     _____
                                                                                     Charles A. Pannell, Jr.
                                                                                     United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT, ) | |
| ) | |
| *Plaintiff*, ) | CIVIL ACTION FILE |
| ) | NO.: 1:17-cv-01264-CAP |
| v. ) | |
| ) | |
| FRONTIER AIRLINES, INC., ) | |
| ABM AVIATION, INC., AND ) | |
| AIRPORT TERMINAL ) | |
| SERVICES, INC., ) | |
| ) | |
| *Defendants*. ) | |

## CERTIFICATE OF SERVICE

This is to hereby certify that I have this day served the **JOINT PRELIMINARY PLANNING REPORT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

J. Arthur Mozley
Anne M. Landrum
Mozley, Finlayson & Loggins, LLP
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386

Justin M. Kerenyi
Hall Booth Smith, PC
191 Peachtree St. NE, Suite 2900

Atlanta, Georgia 30303

Fred D. Bentley, Jr.
Jamie S. Wingler
Bentley, Bentley & Bentley
241 Washington Ave.
Marietta, Georgia 30060

This 25th day of September, 2017.

*/s/ J. Marcus Howard*
J. Marcus Howard
Georgia Bar No. 370076
mhoward@popehoward.com