IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:17-CV-01264-CAP |
| FRONTIER AIRLINES, INC., ) | |
| ABM AVIATION, INC., and ) | |
| AIRPORT TERMINAL SERVICES, INC. ) | |

**TEMPORARY CONSENT PROTECTIVE ORDER**

1.

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered for the purpose of protecting documents and information that are proprietary and/or confidential.  Because the parties disagree on the terms of a permanent protective order, the parties have agreed to this temporary order, which shall be in effect for only 30 days from the date of entry unless any party moves for a permanent protective/confidentiality order within 30 days, at which point the terms of this order shall remain in effect until the court rules on any such motion for a permanent protective order. The parties shall produce anything being withheld on the basis of confidentiality no later than December 8, 2017, and any such materials shall be subject to this order.

2.

Confidential Information as used in this Order is strictly limited to information that constitutes either ( 1) a trade secret as defined by Section 1(4) of the Uniform Trade Secrets Act; (2) personal identifying information; (3) personal health information protected by HIPAA; (4) any document or information a party believes, in good faith, reveals business, competitive, proprietary, or other details of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence); and is designated to be "Confidential" by a party which in this litigation, whether it is revealed in a document, deposition, interrogatory response, or otherwise. In the event that a disagreement arises with respect to the designation of certain information as Confidential, the parties will attempt to resolve the dispute before presenting it to the Court. The non-designating party may then, however, challenge the designation by way of conference or application to the Court.

3.

Documents and other tangible material claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced

shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Confidentiality Stipulation. The foregoing sentence, however, does not include indices or other documents that do not contain the substantive Confidential Information.

4.

Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may, within a reasonable time thereafter, be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Confidentiality Stipulation. No distribution prior to the receipt of such written notice shall be deemed a violation of this Confidentiality Stipulation.

5.

As of the date of this Order, if an answer to an interrogatory is to contain Confidential Information, such Confidential Information shall be stated on a separate page to be incorporated by reference in the body of the interrogatory response. Only the separate page containing the Confidential Information shall be designated as "Confidential" as provided in this Confidentiality Stipulation.

6.

The burden of proving that any material contains confidential information is on the party claiming confidentiality. Prior to designating any material as "CONFIDENTIAL," the designating party must make a bona fide determination that the material does, in fact, meet the definition above. For any document that does not meet this definition, but the producing party nonetheless contends shall be subject to the terms of this Order because of a court order, settlement, or other contractual agreement, the producing party shall produce a log delineating each and every such designated document, along with the case name or other reasonably identifiable information detailing the basis for the claim of confidentiality. Where a court order is in effect, a copy of the relevant order shall be produced.

7.

By entering into this Order and agreeing to its terms, the parties do not concede that documents or information designated as "CONFIDENTIAL" do in fact contain or reflect confidential information, and the receiving party reserves the right to challenge any such designation. Further, no party shall be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereof whether during the pendency of this litigation or afterwards. If, during the pendency of this litigation, any party wishes to object to any such designations, the following procedures shall apply:

   a. The challenging party shall notify counsel for the designating party in writing of such objection. The designating party shall then have fifteen (15) days thereafter to respond in writing either withdrawing the "CONFIDENTIAL" designation or refusing to do so and providing reasons for such refusal.

   b. If the objection cannot expeditiously and informally be resolved within twenty-one (21) days, the designating party shall seek a ruling from the Court in accordance with the Court's Standing Order Regarding Civil Litigation. The designated information at issue shall continue to be treated as

"CONFIDENTIAL MATERIAL" as designated until the Court orders otherwise.

8.

No document, deposition, or tangible thing or other information described above may be disclosed to any person, except for the following: the Court and all Court personnel; counsel of record; persons assisting counsel of record, including outside experts, consultants, directors, officers, and employees of any party; provided, however, that no disclosure of (1) the identities of any defendants' clients; (2) any private health information covered by HIPAA; or (3) the identity, contact information or private financial information related to any putative or potential class member shall be made to third-party counsel engaged in similar litigation against any party.

9.

In the case of a deposition or oral examination, counsel for the designating party may, during the deposition, designate on the record that testimony involving confidential information be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the designating party receives a transcript of the deposition and designates specific page and line portions of the testimony that are to be treated as "CONFIDENTIAL." Such a

designation must be made in a written letter served to all counsel of record within thirty (21) days after the designating party's receipt of the written deposition transcript from the court reporter. In the event the designating party's counsel during the deposition does not designate on the record that testimony involving confidential information be held as "CONFIDENTIAL," the designating party does not waive its right to designate the deposition testimony or any parts thereof as "CONFIDENTIAL" upon receipt of the deposition transcript. Only the portions of the deposition transcript designated by the designating party during this time period shall remain "CONFIDENTIAL." The parties stipulate that the court reporter or videographer for any such depositions will be given a copy of this Consent Protective Order and will execute an acknowledgement thereof, and shall not disclose to anyone (other than the COVERED PERSONS as defined in paragraph 5, any deposition testimony or exhibits in this lawsuit.

10.

Filing of materials containing CONFIDENTIAL information shall be done in accordance with the Court's Standing Order Regarding Civil Litigation.

11.

All such documents and materials produced by Defendant to counsel for Plaintiff pursuant to the above paragraphs shall be used only in the course of the

above-captioned proceedings and shall not be disclosed in any manner to anyone other than the Covered Persons as defined above.

12.

Counsel for the receiving parties shall not be required to return any documents produced pursuant to this Order and after the conclusion of this case may retain the documents pursuant to the terms of this Order.

13.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other order of this Court.

14.

At the conclusion of this lawsuit, this Court shall retain jurisdiction of this lawsuit for the enforcement of this Consent Protective Order.

15.

It is expressly agreed and understood that the parties to this Consent Order exclusively to expedite the production of documents. By consenting to this Order and in particular portions of this Order limiting the dissemination of materials

produced pursuant to this Order to only the "Covered Persons" identified above, the parties and counsel are not waiving in any way the right to seek from opposing counsel, or move the Court in the future, for an expansion of the definition of "Covered Persons."

16.

Either party may seek relief from the provisions of this Order at any time upon motion filed with the Court.

This \_\_\_\_ day of _____, 2017.

_____
**Charles A. Pannell, Jr.**
United States District Judge

Consented to by:

| | |
|---|---|
| */s/ J. Marcus Howard* | */s/ Sam Crochet* |
| J. Marcus Howard, Esq. | Sam Crochet, Esq. |
| POPE & HOWARD, P.C. | HALL BOOTH SMITH, P.C. |
| 945 E. Paces Ferry Road, Suite 2525 | 191 Peachtree Street, NE, Suite 2900 |
| Atlanta, GA  30326 | Atlanta, Georgia 30303 |
| Telephone:  (404) 885-9999 | Telephone:  (404) 954-5000 |
| Facsimile:   (404) 885-9998 | Facsimile:   (404) 954-5020 |
| mhoward@popehoward.com | scrochet@hallboothsmith.com |
| *Attorney for Plaintiff* | *Attorney for ABM Aviation, Inc.* |

| | |
|---|---|
| */s/ Anne M. Landrum* | */s/ Jamie S. Wingler* |
| Anne M. Landrum | Jamie S. Wingler, Esq. |
| MOZLEY, FINLAYSON & LOGGINS LLP | BENTLEY, BENTLEY & BENTLEY |
| 5605 Glenridge Drive, Suite 900 | 241 Washington Avenue |
| Atlanta, Georgia  30342 | Marietta, Georgia  30060 |
| Telephone: 404.256.0700 | Telephone:  (770) 422-2300 |
| Facsimile:  404.250.9355 | Facsimile:   (770) 424-5820 |
| alandrum@mfllaw.com | Jamie.wingler@bbandblaw.com |
| *Attorney for Frontier Airlines, Inc.* | *Attorney for Airport Terminal Services, Inc.* |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. 17C01240-4 |
| FRONTIER AIRLINES, INC., | ) | removed from the State Court of |
| ABM AVIATION, INC., and | ) | Gwinnett County, Georgia) |
| AIRPORT TERMINAL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE AND TYPEFACE COMPLIANCE

I hereby certify that on this date, I electronically filed the foregoing **TEMPORARY CONSENT PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to the following attorneys of record:

J. Marcus Howard, Esq.
Geoffrey E. Pope, Esq.
POPE & HOWARD, P.C.
945 E. Paces Ferry Road
Suite 2525
Atlanta, GA  30326

Justin M. Kerenyi, Esq.
JD Howard, Esq.
Sam Crochet, Esq.
HALL BOOTH SMITH, P.C.
191 Peachtree Street, NE
Suite 2900
Atlanta, Georgia 30303

Fred D. Bentley, Jr., Esq.
Jamie S. Wingler, Esq.
BENTLEY, BENTLEY & BENTLEY
241 Washington Avenue
Marietta, Georgia  30060

Pursuant to Northern District of Georgia Local Rule 5.1, the foregoing certificate is prepared in Times New Roman, 14 point.

This 7th day of December, 2017.

/s/ Anne M. Landrum
Anne M. Landrum
Georgia Bar No. 433990