## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **Civil Action File** |
| v. | ) | **No. 1:17-cv-01264-CAP** |
| | ) | |
| FRONTIER AIRLINES, INC., | ) | |
| ABM AVIATION, INC., AND | ) | |
| AIRPORT TERMINAL SERVICES, | ) | |
| INC. | ) | |
| | ) | |
| *Defendants*. | | |

### DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MAKE THE TEMPORARY CONSENT PROTECTIVE ORDER PERMANENT, OR IN THE ALTERNATIVE, TO REQUIRE THE RETURN OF DOCUMENTS PRODUCED PURSUANT TO THE TEMPORARY CONSENT PROTECTIVE ORDER

COME NOW, Defendants Frontier Airlines, Inc. (hereinafter "Frontier"), ABM Aviation, Inc. (hereinafter "ABM") and Airport Terminal Services, Inc. (hereinafter "ATS") and (collectively referred to as "Defendants"), by and through their undersigned counsel of record, and pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) file Defendants' Joint Memorandum of Law in Support of Motion To Make The Temporary Consent Protective Order Permanent, Or In The Alternative, To Require The Return Of Materials Produced Pursuant To The Temporary Consent Protective Order, showing the Court as follows:

1

# I.   <u>OVERVIEW</u>

Defendants do not seek a protective order protecting them from producing materials requested by Plaintiff in discovery. Indeed, the requested materials already have been produced and marked "Confidential" pursuant to the Temporary Consent Protective Order [Doc. 63]. Defendants merely seek a permanent protective order preventing receiving counsel and parties from disseminating the produced materials to the general public or to persons or entities not connected with this action, or in the alternative, requiring receiving counsel and parties to return the materials to the producing parties. Defendants show that they have a legitimate interest in maintaining this minimal amount of privacy in the produced materials, and that Plaintiff and her counsel have no legitimate interest in disseminating the materials to the general public or to persons or entities not connected with this action.

The undersigned counsel for Defendants certify with their signatures below that they in good faith conferred with Plaintiff's counsel in an effort to resolve the dispute without court intervention but the effort was unsuccessful.

# II.   <u>STATEMENT OF FACTS</u>

Plaintiff filed this civil action to recover for injuries and damages involving a Frontier commercial passenger flight from Atlanta, Georgia to Salt Lake City,

Utah on July 31, 2016.  [Doc. 27, ¶¶ 7-16].  Plaintiff alleges that after she left the ticket counter in Atlanta and while seated in a wheelchair provided by Frontier and/or ABM and/or ATS, she suffered a stroke.  [*Id.* ¶¶ 7-16].  Plaintiff alleges that her injuries and damages where exacerbated by the failure of Frontier Airlines, Inc. and/or ABM Aviation, Inc. and/or ATS to recognize her condition, which allegedly delayed medical attention.  [*Id.* ¶¶ 7-16].

In their initial disclosures, Defendants objected to producing their insurance contracts except pursuant to a confidentiality agreement, as follows:

Frontier's Response:  Frontier Airline states that it is insured under an aviation policy of liability insurance that provides sufficient liability coverage limits to indemnify Frontier from any judgment awarded to plaintiff in this action. Frontier objects to producing a copy of the insurance policy except pursuant to a confidentiality agreement allowing premium information to be redacted from the disclosure. [Doc. 11].

ABM's Response: ABM objects on the grounds its insurance policy is confidential proprietary information. ABM will produce these materials subject to the entry on the Court's docket of a Confidentiality Protective Order that restricts the use of such documents/information to this lawsuit. ABM objects to producing a copy of the entire insurance policy. [Doc. 32].

3

ATS's Response: ATS objects to this disclosure except pursuant to a confidentiality agreement. [Doc. 41].

In addition, Frontier responded to plaintiff's written discovery requests by objected to producing its Flight Attendants' Manual except pursuant to a confidentiality agreement, as follows:

*Plaintiff's Interrogatory No. 5*

Please identify all texts, manuals, publications, regulations and other documents you have in your control, custody, or possession related to the provision of assisted boarding for passengers, including wheelchair assistance through the airport and boarding aircraft.

**RESPONSE**:

Frontier will produce its rules and regulations responsive to this request pursuant to an appropriate confidentiality order or agreement.

-----

*Plaintiff's Request For Production Of Documents No. 7*

All of Defendants' policies and procedures, rules, guidelines, directives, manuals, handbooks and instructions (including training videos) that were in effect at the time of the subject incident regarding providing special assistance to passengers at any time from ticketing through boarding, as well as during flights and de-planing. Please also produce any such materials related to dealing with medical emergencies during a flight.

**RESPONSE**:

Frontier will provide copies of the requested documents pursuant to an appropriate confidentiality order or agreement.

See, exhibit 1 hereto.

On December 12, 2017, this Court entered a Temporary Consent Protective Order [Doc. 63]. The Order states that "[b]ecause the parties disagree on the terms of a permanent protective order, the parties have agreed to this temporary order, which shall be in effect for only 30 days from the date of the entry unless any party moves for a permanent protective/confidentiality order within 30 days, at which point the terms of this order shall remain in effect until the court rules on any such motion for a permanent protective order." [*Id.* page 1 of 9]. The Order states that "Confidential Information as used in this Order is strictly limited to … (4) any document or information a party believes, in good faith, reveals business, competitive, proprietary, or other details of a sensitive nature about the party…." [*Id.* page 2 of 9]. The Order further states: "All such documents and materials produced by Defendant to counsel for Plaintiff pursuant to the above paragraphs shall be used only in the course of the above-captioned proceedings and shall not be disclosed in any manner to anyone other than the Covered Persons as defined above." [*Id.* page 8 of 9]. The Order further states that "[c]ounsel for the receiving parties shall not be required to return any documents produced pursuant to this Order and after the conclusion of this case may retain the documents pursuant to the terms of this Order."

In light of this last sentence, and because the Temporary Consent Protective Order expires in 30 days, counsel for the receiving parties will have no further obligation to keep the produced materials confidential, but will be authorized to retain the materials and disseminate them to outside parties and the general public – indeed, even posting them on the internet – unless the Temporary Consent Protective Order is made permanent, or in the alternative, unless receiving counsel and parties are ordered to return to the producing counsel the materials produced pursuant to the Temporary Consent Protective Order.

Pursuant to the Temporary Consent Protective Order, the defendants produced their policies of liability insurance marked "Confidential." Frontier also produced the following materials marked "Confidential":

\* Portions of Frontier Airlines' Flight Attendants' Manual regarding special customer handling (handling of passengers with disabilities) and the provision of medical services during flight; and

\* Contracts between Frontier and defendants ABM and ATS.

See, Exhibits 2 and 3 hereto, which are emails from Frontier's counsel producing the above-referenced materials pursuant to the Temporary Consent Protective Order. Frontier shows that each page of the Frontier Flight Attendants' Manual produced pursuant to the Temporary Consent Protective Order contains the

6

following cautionary paragraph at the bottom:

SENSITIVE SECURITY INFORMATION – DESTROY UPON REVISION

> Warning. This record contains sensitive security information that is controlled under 49 C.F.R. Parts 15 and 1520. No part of this record may be disclosed to persons without a "need to know" as defined by 49 C.F.R. Parts 15 and 1520, except with the written permission of the administrator of the Transportation Security Administration or the Secretary of Transportation. Unauthorized release may result in civil penalties or other action. For U.S. Government agencies, public disclosure governed by 5 U.S.C. 552 and 49 C.F.R. Parts 15 and 1520.

See, Exhibit 4 hereto, which is a page from the Frontier Flight Attendants' Manual with all information on the page redacted except the heading and the cautionary paragraph at the bottom of the page. The undersigned counsel for Frontier certifies by her signature below that this cautionary paragraph is contained at the bottom of each of the pages of the Frontier Flight Attendants' Manual produced by Frontier in this litigation.

The Frontier contract with ATS produced in this litigation contains the following language:

## **PARAGRAPH 16. CONFIDENTIALITY AND DATA PROTECTION**

> 16.1   The information contained in this Agreement and any subsequent amendments or supplements hereto, as well as any other information relating to the Parties' business (including, but not limited to, financial, operational, personal data of the Parties' respective employees, officers or customers, operating manuals, procedures and know-how) is strictly confidential and must not be shared with any third party other than a Party's legal and financial   advisors   and   auditors   who   are   bound   by   professional

confidentiality rules, or as may be required by relevant laws and orders of courts or administrative bodies.

See, exhibit 4 hereto, which the undersigned counsel certifies by her signature below is a page from the Frontier/ATS contract produced in this action with all information redacted except for the cautionary language, bates-stamped FRON000117.

For the reasons set forth below, Defendants request that the Court enter an order making the provisions of the Temporary Consent Protective Order permanent, or in the alternative, ordering the receiving parties to return the materials produced to the producing parties after the expiration of the Temporary Consent Protective Order.

### III.   <u>ARGUMENT AND CITATION OF AUTHORITY</u>

Federal Rule of Civil Procedure 26(c)(1)(G) authorizes the Court to enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Defendants do not contend that their insurance contracts, the Frontier Flight Attendants' Manual and contracts between Frontier and ABM and ATS are trade secrets that should not be produced in this litigation; rather, Defendants contend these materials constitute "document[s] or information a party believes, in good faith, reveal[] business, competitive, proprietary, or other details of a sensitive

8

nature about the party…." [Doc. 63, page 2 of 9], which materials should be revealed only in a specified way – *i.e.,* "only in the course of the above-captioned proceedings and shall not be disclosed in any manner to anyone other than the Covered Persons as defined above." [*Id.,* page 8 of 9]. The "Covered Persons" defined in the Temporary Consent Protective Order include "the Court and all Court personnel; counsel of record; persons assisting counsel of record, including outside experts, consultants, directors, officers, and employees of any party." [*Id.,* page 6 of 9]. Defendants merely seek to put in place permanently these minimal privacy protections regarding the materials already produced in discovery. Defendants have a legitimate concern and reasonable expectation that the materials marked "Confidential" and produced pursuant to the Temporary Consent Protective Order should continue to receive these minimal privacy protections on the following grounds.

### The Frontier Flight Attendants' Manual

The produced pages from Frontier's Flight Attendants' Manual contain cautionary language that refers to 49 CFR Part 15 and Part 1520, which expressly prohibit disseminating the information contained in the manual to persons other than those persons who have a "need to know" as defined by those federal regulations. 49 C.F.R. § 1520.11 states that "persons with a need to know" include

persons who "need[] the information to represent a covered person in connection with any judicial or administrative proceeding regarding those requirements." Clearly, Plaintiff's and Defendants' counsel are "persons with a need to know" the information contained in Frontier's Flight Attendants' Manual.

The cautionary language at the bottom of the pages of Frontier's Flight Attendants' Manual establishes good cause for a protective order precluding Plaintiff and her counsel from disseminating the information to persons who do not have a "need to know" as defined by the federal regulations. A somewhat similar situation was found in *Howard v. Hartford Life & Acc. Ins. Co.*, 2011 WL 2746347, at *1–2 (M.D. Fla. June 22, 2011), where the court rejected the plaintiff's assertion that the defendant had offered no support that its claims manuals and the service agreements between the defendant and its third party vendors were confidential in nature and in need of protection. Noting the confidential language contained in the materials, the court held:

> [Plaintiff's] contention, however, is not well founded. More particularly, in support of its contention that its claims manual(s) are proprietary and are considered by it to be confidential, Defendant attached to the Motion its internal directive(s) regarding LTD claims processing. [cit.]. The internal directive(s) contain the following statement: "The [LTD] Manual contains proprietary information that is a trade secret of Hartford Life Insurance Company, Hartford Life and Accident Insurance Company [Defendant] and Hartford Comprehensive Employee Benefit Service Company. Recipients and users of these Manuals are to retain this information in strict

10

confidence and may not make copies other than as permitted in writing by Benefit Management Services."

In this case, the cautionary language at the bottom of each page of Frontier's Flight Attendants' Manual is far stronger than the confidential language in the Hartford materials. The cautionary language refers to federal regulations that prohibit as a matter of law dissemination of the information to persons other than those with a "need to know."

Counsel in this action have a "need to know" the information contained in the Frontier Flight Attendants' Manual. They represent parties in civil litigation that regards the requirements in the manual concerning special customer handling and the provision of medical aid during flight. However, while, Plaintiff's counsel is entitled to "know" the information in the produced pages of the manual, the general public is not. The federal regulations clearly forbid it.

Thus, there is a bona fide and significant need for a permanent protective order in this action precluding receiving counsel from disseminating the Frontier Flight Attendants' Manual to persons who do not have a "need to know" as defined by 49 C.F.R. § 1520, et. seq. If the Temporary Consent Protective Order is not made permanent, or in the alternative, if receiving counsel are not required to return after the expiration of the Temporary Consent Protective Order the items produced by Frontier and marked "Confidential," then the prohibitions contained

in 49 C.F.R. § 1520.11 et seq. will have been violated.

**Frontier/ABM/ATS Contracts And The Insurance Contracts**

The contracts between Frontier and defendants ABM and ATS and the defendants' insurance contracts, by their very nature, contain information about the defendants' business practices and procedures that would be of value to their competitors in the aviation and aviation service industries and the aviation insurance industries. As evidenced by the emails of Frontier's counsel, exhibits 2 and 3 hereto, these materials were marked "confidential" and produced pursuant to the Temporary Consent Protective Order, which precludes disseminating to the general public "document[s] or information a party believes, in good faith, reveals business, competitive, proprietary, or other details of a sensitive nature about the party…." [Doc. 63, page 2 of 9].

The Eleventh Circuit has held that a stipulated protective order "replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1307 (11th Cir. 2001)(citing *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir.1987) (discussing operation and efficacy of umbrella protective orders). Here, plaintiff's counsel has not challenged

the parties' earlier stipulation that the contracts are believed by Frontier, ABM and ATS to contain "business, competitive, proprietary, or other details of a sensitive nature about the party." [Doc. 63, page 2 of 9]. Plaintiff's counsel simply refuses to keep the produced materials confidential.

There is no justifiable reason why Plaintiff and her counsel should not keep Frontier's contracts with ABM and ATS and the Defendants' insurance contracts confidential, or in the alternative, return these materials to the Defendants upon the expiration of the Temporary Consent Protective Order. The dissemination of these materials to outside persons or entities other than those who are involved in this litigation would not aid Plaintiff in the prosecution of her case. Plaintiff has no right to insist upon disseminating the materials in question to outside persons. In *Howard, supra,* 2011 WL 2746347, at *2, the court recognized the confidential and proprietary nature of insurance claims manuals and held that they should be produced pursuant to a confidentiality order. The court held:

> Defendant also cites to two unpublished opinions, wherein courts recognized the confidential nature (and potential value to competitors) of insurance claims manuals.[cit.]. See *Cohen v. Met. Life Ins. Co.,* 2003 WL 1563349, at *1 (S.D.N.Y. Mar.26, 2003); *Pochat v. State Farm Mut. Auto. Ins. Co.,* 2008 WL 5192427, at *9–10 (D.S.D. Dec.11, 2008). Defendant additionally cites *McQueen v. Life Ins. Co. of North America,* 2008 WL 4461936, at *1–5 (E.D.Ky. Oct.1, 2008), wherein the court ordered that the defendant's third-party vendor contracts be produced only by way of a confidentiality/protective order. The undersigned finds these cases to be persuasive.

13

Like insurance claims manuals, insurance contracts are particular to the parties thereto and of a sensitive and proprietary nature. It is appropriate to order them produced only pursuant to an appropriate confidentiality/protective order

In the same case in a later ruling, the court in ***Howard v. Hartford Life & Acc. Ins. Co.,*** 275 F.R.D. 649 (M.D. Fla. 2011), found good cause for the issuance of a protective order relating to documents concerning the defendant's internal policies and procedures, since the documents contained information that could be of value to the defendant's competitors, and the plaintiff's interest in the litigation would not be harmed by a limited protective order that allowed her to access the information while protecting the defendant so that its competitors could not exploit or duplicate its unique business practices to its detriment.

The court in ***Howard,*** 275 F.R.D. at 652, rejected the argument that a confidentiality order should not be entered because the defendant had failed to establish that the documents in question were proprietary in nature or trade secrets. The court recognized a distinction between a request that the documents not be produced at all and a request that they be disclosed in a designated way, as provided by Fed.R.Civ.P. 26(c)(1)(G). The court ultimately held:

> Although the Court acknowledges Plaintiff's desire to help similarly situated plaintiffs in other cases, as the Court stated previously, such concern "is immaterial with respect to the instant litigation" [cit.]. Plaintiff has not

14

alleged that her interest in this litigation would be harmed by a limited protective order that would allow her to access the information while protecting Defendant so that competitors may not exploit or duplicate Defendant's unique business practices to its detriment. Accordingly, the documents at issue are henceforth deemed subject to the Court's Protective Order

*Id.* at 653.

Here, as in ***Howard,*** Plaintiff's claimed interest in disseminating the Defendants' contracts to persons outside this litigation – indeed, to the general public – is immaterial to the instant litigation. Plaintiff cannot show that she will be harmed in this litigation by a limited protective order that would allow her access to the contracts while protecting Defendants' unique business practices. A similar result was obtained in ***Tillman v. C.R. Bard, Inc.,*** 297 F.R.D. 660, 662 (M.D. Fla. 2014)(dealing with public disclosure of discovery material), where the court held that "to the extent Plaintiff is claiming that she has some right to use documents produced in discovery for purposes outside the litigation, it is not clear that such a right exists either." Here, Plaintiff has no right to disseminate the produced materials to persons or entities outside this litigation, while Defendants have shown that they have a legitimate interest in maintaining the privacy and confidentiality of the produced materials.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court

15

enter an order making the Temporary Consent Protective Order [Doc. 63] permanent, or in the alternative, order that the receiving counsel and parties return to the producing parties all documents produced pursuant to the Temporary Consent Protective Order.

Respectfully submitted this 11th day January 2018.

MOZLEY, FINLAYSON & LOGGINS, LLP

*/s/ Anne M. Landrum*
Anne M. Landrum
Georgia Bar No. 433990
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386
404-245-0700
alandrum@mfllaw.com
*Attorneys for Frontier Airlines, Inc.*

JOINED BY:

BENTLEY, BENTLEY & BENTLEY

*/s/ Jamie S. Wingler*
Fred D. Bentley, Jr.
Georgia Bar Number 052850
Jamie S. Wingler
Georgia Bar Number 770708
241 Washington Avenue
Marietta, Georgia 30060
770-422-2300 Telephone
fred.bentley@bbandblaw.com
jamie.wingler@bbandblaw.com
*Attorneys for Airport Terminal Services, Inc.*

16

HALL BOOTH SMITH, PC

*/s/ Justin M. Kerenyi*
Justin M. Kerenyi
Georgia Bar No. 416623
191 Peachtree St. NE, Suite 2900
Atlanta, Georgia 30303
404-954-5000
JKerenyi@hallboothsmith.com
*Attorneys for ABM Aviation, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SUE HIATT,** | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) **Civil Action File** |
| **v.** | ) **No. 1:17-cv-01264-CAP** |
| | ) |
| **FRONTIER AIRLINES, INC.,** | ) |
| **ABM AVIATION, INC., AND** | ) |
| **AIRPORT TERMINAL SERVICES,** | ) |
| **INC.** | ) |
| | ) |
| *Defendants*. | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this date caused to be served upon the following counsel of record a true and correct copy of the foregoing **DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MAKE THE TEMPORARY CONSENT PROTECTIVE ORDER PERMANENT, OR IN THE ALTERNATIVE, TO REQUIRE THE RETURN OF DOCUMENTS PRODUCED PURSUANT TO THE TEMPORARY CONSENT PROTECTIVE ORDER** by filing it with the Clerk of Court using the CM/ECF system:

J. Marcus Howard
Pope & Howard, PC
945 East Paces Ferry Road
Suite 2525
Atlanta, Georgia 30326

Fred D. Bentley, Jr.
Jamie S. Wingler
241 Washington Avenue
Marietta, Georgia 30060

18

Justin M. Kerenyi
JD Howard
Anthony Stewart
Hall Booth Smith, PC
191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303

Pursuant to Local Rule 5.1, NDGA, the foregoing pleadings are prepared in

Times New Roman, 14-point type.

Dated this 11th day of January 2018.


*/s/ Anne M. Landrum*
J. Arthur Mozley
Anne M. Landrum
Mozley, Finlayson & Loggins
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386

#445448