EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. 17C01240-4 |
| FRONTIER AIRLINES, INC., | ) | removed from the State Court of |
| | ) | Gwinnett County, Georgia) |
| Defendant. | ) | |

## DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS

COMES NOW defendant Frontier Airlines, Inc. ("Frontier"), and files its answers and objections to plaintiff's first interrogatories, first request for production of documents and first request for admissions as follows:

## INTERROGATORIES

1.

Please identify all documents and files (paper or electronic) ever maintained or obtained by Defendant regarding the incident at issue in the Complaint.

**RESPONSE**:

Based upon its knowledge at the time of its response to this interrogatory, Frontier denies that the incident alleged by plaintiff occurred. Frontier therefore did not create or maintain any incident reports or other such documents regarding the

alleged incident. Attached as exhibits hereto are documents related to the ticketing

of plaintiff and the flight. Also attached are copies of emails and statements taken

from gate agents and flight attendants who were asked if they recalled the alleged

incident. Frontier objects to producing any items responsive to this request that were

prepared in connection with Frontier's defense of this litigation and in cooperation

with the undersigned legal counsel and Frontier's in-house legal counsel after

commencement of this litigation, on the ground that all such items are privileged

attorney-client communications and work product. Frontier further states that it is

not required to prepare a privilege log of privileged attorney-client communications

between the undersigned counsel and Frontier, or between Frontier's in-house legal

counsel and employees of Frontier, or regarding material prepared or obtained by

Frontier and is legal counsel, after the commencement of this litigation.

2.

Please identify the names, addresses and phone numbers of all witnesses

who have knowledge or information concerning the incident at issue in the

Complaint, and provide a summary of each listed witness's knowledge,

including whether such knowledge or information relates to the Plaintiff Hiatt's

claims, your defenses, the credibility of any witness, or any other issue in this

case. Please specifically identify the flight crew and the names of any passengers in any seat in Plaintiff's row.

**<u>RESPONSE</u>**:

Based upon its knowledge at the time of its response to this interrogatory, Frontier denies the incident alleged by plaintiff occurred. The names of individuals who are expected to provide testimony that may rebut plaintiff's allegations regarding the occurrence of the alleged incident are: Mandiga Mogogula, Johanna Williams, Isaac Afeturnu, Sandra Sweetwood, and Amy Fleming-Herring.

The names of the Frontier crew on the subject flight were: Captain Gerhard Brandner, First Officer James Crawley, Flight Attendant Amy Fleming-Heller, Flight Attendant Sandra Sweetwood, and Flight Attendant Allison Gribben.

Frontier is working to locate and contact passengers seated in plaintiff's row to determine whether they have any knowledge or information concerning the alleged incident. Frontier will supplement this response accordingly at a later date.

3.

Please state all facts and identify all documents supporting any defenses asserted in your Answer or in response to Plaintiff's First Request for Admissions.

**RESPONSE**:

The written statements of Mandiga Mogogula, Johanna Williams, Isaac Afetornu, Ayana Williams, and Amy Fleming-Heller attached hereto may support Frontier's defenses. Also, the documents related to the subject flight attached hereto may support Frontier's defenses. Frontier reserves the right to supplement this response as its investigation progresses.

4.

To the maximum extent permitted by O.C.G.A. § 9-11-26, please identify all expert witnesses you expect to call to testify at trial, and provide a summary of any opinions they will offer as expert witnesses and the basis for any such opinions. In your identification, please include the following information about each expert:

a. The expert's complete qualifications as stated in the expert's curriculum vitae or as otherwise made known to you.

b. The number of years of experience the expert has had in his or her specialty.

c. The services which the expert has been employed to perform.

d. The agreement for the expert's remuneration.

e. Whether the expert has ever been a witness in any other lawsuit, and, if so, for each lawsuit give the name of the suit, the kind of suit involved, the

name of the court, the date of filing, the name and address of the party for whom he gave evidence.

**RESPONSE**:

As of the date of these responses, Frontier has not retained an expert to testify at trial. Frontier reserves the right to supplement this response to identify in accordance with F.R.C.P. 9-11-26 any expert witnesses it may retain.

5.

Please identify all texts, manuals, publications, regulations and other documents you have in your control, custody, or possession related to the provision of assisted boarding for passengers, including wheelchair assistance through the airport and boarding aircraft.

**RESPONSE**:

Frontier will produce its rules and regulations responsive to this request pursuant to an appropriate confidentiality order or agreement.

6.

Please identify the person or people responsible for assisting Sue Hiatt from her ticketing gate to the departure gate and on the airplane, as described in the Complaint, and also identify all training they had about how to provide such services.

**RESPONSE**:

At the time of its response to this interrogatory, Frontier does not know the name(s) of the individual(s) who may have assisted plaintiff from the ticketing gate to the departure gate and onto the aircraft. To the best of Frontier's knowledge and belief, the individual(s) responsible for performing this service would have been employees of Air Serv Corporation (n/k/a ABM Aviation, Inc.), which was under contract with Frontier to provide passenger services for disabled persons and persons requesting wheelchair assistance in boarding and de-planing Frontier's flights at the Hartsfield-Jackson International Airport in Atlanta, Georgia.

7.

State with specificity every individual and/or entity who had responsibility for transporting plaintiff by wheelchair from the ticketing counter to her flight on the day of the incident at issue in this case.

**RESPONSE**:

Frontier restates and incorporates herein its response to interrogatory number 6 above.

8.

Do you contend that you are an improper party to this case or-that someone else should be a party to this case? If so, please state all facts that support these

-6-

Contentions, including the names of any parties you believe should have been named. Please specifically identify all individuals or entities responsible for any aspect of Ms. Hiatt's ticketing, wheelchair transport, or boarding on the flight described in the Complaint.

**RESPONSE**:

Frontier does not contend that it is an improper party, although it denies that the incident alleged by plaintiff occurred, denies that it breached any duty owed to plaintiff, and denies all liability to plaintiff. At the time of its response to this interrogatory, Frontier has no knowledge of any other person or entity that should be named as a party to this litigation. Frontier reserves the right to supplement this response as its investigation progresses.

9.

Please identify any contracts or agreements between you and any other entity that cover the services provided to Ms. Hiatt in connection with her ticketing, wheelchair assistance, or boarding of the flight at issue in the Complaint.

**RESPONSE**:

On the date of the alleged incident, July 31, 2016, Frontier had a contract with Air Serv Corporation (n/k/a/ ABM Aviation, Inc.) for Air Serv to provide wheelchair services for Frontier's passengers at the Hartsfield-Jackson International Airport in

-7-

Atlanta, Georgia. Frontier had an agreement with ATS (Airport Terminal Services) to provide departure and arrival gate agents who also would have handled the ticketing of passengers.

10.

Please identify, by stating the names of the insurer and insured, term, and policy number, any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. As to each such agreement, please provide the named insured and all other insureds; the limits of liability; and whether or not the insurer has accepted or denied coverage or has agreed to defend tinder a reservation of rights. NOTE: The purpose of this interrogatory is to eliminate any confusion about the insurance coverage that is available in this case. To that end, this interrogatory seeks a statement under oath providing the actual policy information, including the limits available under each such policy. While the production of a declarations page is requested, please do not respond by merely referring Plaintiff to a declarations page.

-8-

**RESPONSE**:

Frontier is insured through Allianz Global and Corporate Specialty under a contract of aviation liability insurance that provides sufficient coverage limits to indemnify Frontier from any liability that it may have in this case (all such liability is denied). This lawsuit is not being defended under a reservation of rights.

11.

Please identify all of your policies and procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the incident at issue in the Complaint regarding assistance to passengers during transport through the airport or during boarding, including wheelchair assistance or boarding assistance of any kind, as well as any such materials related to determining and dealing with medical emergencies involving passengers.

**RESPONSE**:

Frontier will provide copies of the requested documents pursuant to an appropriate confidentiality order or agreement.

12.

Please describe in detail your version of the facts related to the incident and events described in the Complaint.

-9-

**RESPONSE**:

Based upon its knowledge at the time of its response to this interrogatory, Frontier denies that the incident alleged by plaintiff occurred. Frontier states that its interactions with plaintiff at all times complied with all applicable federal rules and regulations and with Frontier's policies and procedures for handling disabled passengers and passengers who have requested wheelchair services.

13.

If you have ever been a party to any legal proceeding arising out of your provision of wheelchair assistance, assisted transport or boarding, or handling medical emergencies on board or during the boarding of a plane, for each proceeding state the name of the proceeding, your status in the proceeding, the kind of proceeding involved, the date it was filed, whether there was a trial and if so the date and place of trial, and the ultimate disposition of the proceeding.

**RESPONSE**:

Frontier objects to this interrogatory on the ground that it is overly broad, unduly burdensome, is not restricted to incidents similar or reasonably similar to the alleged incident in question, and seeks the production of information outside of a reasonable time range, and therefore it improperly seeks the production of materials that are not relevant to any party's claims or defenses and are not proportional to the

needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Frontier further states that it does not have access to any such information regarding lawsuits filed prior to January 1, 2011. With regard to lawsuits filed against Frontier beginning in January 2011 and continuing through the date of this response, there were four (4) lawsuits in addition to this one arising out of the provision of wheelchair services. Frontier is in the process of obtaining more detailed, identifying information regarding these lawsuits and any others that may be responsive to this interrogatory and will supplement this response at a later date.

14.

If you obtained any statements from any source relating to this action, for each statement:

a.    Identify the person who made it.

b.    Identify the person who obtained it.

c.    State the date and time it was obtained.

d.    State whether it was written, sound recorded, or oral and, if written or sound recorded, the name and address of the person who has custody of it.

-11-

**RESPONSE**:

Information responsive to this interrogatory is contained in the attached statements of Mandiga Mogogula, Johanna Williams, Isaac Afetornu, Ayana Williams, and Amy Fleming-Heller.

15.

Do you contend that Ms. Hiatt was negligent in any manner that may have contributed to her injuries? If so, please state the factual basis or bases for your contention and identify all documents supporting it.

**RESPONSE**:

At the time of its responses to this interrogatory, Frontier does not have sufficient knowledge or information to enable it to state the factual basis of any negligence on the part of plaintiff. Frontier reserves the right to supplement its response to this interrogatory as its investigation progresses.

16.

Do you contend that any person or entity was negligent or otherwise wholly or partially at fault for Ms. Hiatt's injuries? If so, please identify the person or entity, state specifically the negligent act or omission, state the factual basis or bases for this contention, and identify all documents supporting it.

-12-

**RESPONSE**:

At the time of its responses to this interrogatory, Frontier does not have sufficient knowledge or information to enable it to state the factual basis of any negligence on the part of other persons or entities. Frontier reserves the right to supplement its response to this interrogatory as its investigation progresses.

17.

Please identify the person or persons responsible for preparing your responses to these interrogatories, the person or persons whom you consulted during the preparation of your responses to these interrogatories, and identify the interrogatory responses for which those persons listed were responsible or consulted.

**RESPONSE**:

Frontier's responses were prepared by the undersigned legal counsel for Frontier, in conjunction with Frontier's in-house legal counsel Valerie W. Tyler in Denver, Colorado.

18.

Please describe in complete detail all efforts you made to preserve electronic data in your control, custody, or possession that was created in connection with the subject incident, including in your response an identification of all documents related

to this effort, the identity of the persons involved in the effort, and the role that each person played.

**RESPONSE**:

Based upon its knowledge at the time of filing this response, Frontier denies that the incident alleged in the complaint occurred, and therefore, Frontier did not create any electronic data or other documents in connection with the alleged incident. After Frontier was notified of plaintiff's claim, but prior to litigation, Frontier sent and received emails in an effort to obtain information regarding plaintiff's allegations. Copies of those emails are attached to this response. Frontier has not deleted or destroyed any electronic data or documents connected with its investigation of the alleged incident.

19.

Please identify the federal regulations that you believe are applicable to you or your agents during the entire ticketing, wheelchair transport, boarding and flight process of Ms. Hiatt.

**RESPONSE**:

Frontier is in the process of investigating the facts related to the alleged occurrence and it has not yet determined which federal regulations may be

applicable to Frontier or its agents during the ticketing, wheelchair transport, boarding and flight process of plaintiff.

20.

Please identify all documentation of any kind (documents, text messages, e-mails, reports, video, photos, digital or electronic data, call in sheets, etc.) regarding, the events described in the Complaint.

**RESPONSE**:

Frontier objects to this interrogatory on the ground that it is overly broad and improperly requests that Frontier identify communications between Frontier and the undersigned legal counsel created after the filing of the complaint in this action. Excepting those privileged attorney-client communications prepared during the defense of this litigation (and for which a privilege log is not required), copies of the emails sent among Frontier employees in an effort to investigate plaintiff's claim prior to litigation are attached hereto.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.

Please produce all documents identified in response to these First Interrogatories or that relate in any way to your responses to any of these First Interrogatories.

-15-

**RESPONSE**:

The documents identified in response to plaintiff's interrogatories are attached hereto as bates-stamped documents FRON00001 – FRON00016. Frontier objects to the request that it produce "all documents … that relate in any way to [its] responses" on the ground that said request is overly broad, vague, and outside of the specific parameters of F.R.C.P. 26(b)(1), which limits discovery to information "that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action, the amount of the controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

2.

Please produce all documents you contend provide evidence supporting your defenses or any denials asserted in your Answer to the Complaint or in response to Plaintiff's First Request for Admissions.

**RESPONSE**:

Frontier contends that the documents attached to these responses provide evidence supporting its defenses and denials. Frontier reserves the right to supplement this response at a later date as its investigation continues.

-16-

3.

All photographs or videos of the scene of the subject incident, and/or any other person, place or thing that you contend are relevant to this litigation.

**RESPONSE**:

At the time of its response to this request, Frontier does not have within its custody, possession or control any materials responsive to this request.

4.

All documents and items that can be used to verify and/or analyze your compliance with federal regulations in connection with the subject incident.

**RESPONSE**:

Based upon its knowledge at the time of its response to this request, Frontier denies the alleged incident occurred, therefore, at this time, it has no knowledge of any documents responsive to this request as it is written. Frontier reserves the right to supplement its response as its investigation continues.

5.

All videos that depicts in any way any part of the evets [sic] at issue in this suit.

**RESPONSE**:

At the time of its response to this request, Frontier has no items responsive to this request within its possession, custody or control.

6.

A copy of each and every statement made by Sue Hiatt and every document that purports to contain her signature or someone signing on her behalf.

**RESPONSE**:

At the time of its response to this request, Frontier has no items responsive to this request within its possession, custody or control.

7.

All of Defendants' policies and procedures, rules, guidelines, directives, manuals, handbooks and instructions (including training videos) that were in effect at the time of the subject incident regarding providing special assistance to passengers at any time from ticketing through boarding, as well as during flights and de-planing. Please also produce any such materials related to dealing with medical emergencies during a flight.

**RESPONSE**:

Frontier will provide copies of the requested documents pursuant to an appropriate confidentiality order or agreement.

-18-

8.

All documents evidencing communications of any kind between any person working for or on behalf of you and any of the following persons and entities regarding the subject incident:

    a.  Any other defendant or other person or entity who provided services to Sue Hiatt in connection with her flight at issue in this suit;

    b.  Any law enforcement officer or agency;

    c.  Any medical care giver of Sue Hiatt;

    d.  Any insurance agency company employee or agent.

**RESPONSE**:

At the time of its response to this request, Frontier has no items responsive to request 8 (b) or (c) within its possession, custody or control. In response to request 8(a), please see the emails and statements attached hereto. In response to request 8(d), Frontier objects to any request that it produce communications between itself and its liability insurer regarding plaintiff's complaint and the insurer's investigation and defense of Frontier in this action, on the ground that all such communications are privileged and protected and do not require production of a privilege log. Frontier reserves the right to supplement its response to this request as the case proceeds and to make any and all appropriate objections as they may arise.

9.

All log summaries and violation reports regarding this incident.

**RESPONSE**:

Based upon its knowledge at the time of its response to this interrogatory, Frontier denies that the incident alleged by plaintiff occurred, and therefore, to the best of Frontiers' knowledge at this time, no items exist that are responsive to this request.

10.

All documents evidencing and/or reflecting any internal investigation by you regarding the subject incident.

**RESPONSE**:

Please see the emails and statements attached hereto. Frontier objects to producing other items responsive to this request that were prepared in connection with its defense of this litigation and in cooperation with the undersigned legal counsel and Frontier's in-house legal counsel, on the ground that all such items are privileged attorney-client communications and work product. A privilege log is not required regarding the Frontier's legal counsel's file created and maintained in defense of this litigation.

11.

All documents of any kind (documents, reports, video, photos, digital or electronic data, call in sheets, etc.) regarding the incident or events at issue.

**RESPONSE**:

Based upon its knowledge at the time of its response to this interrogatory, Frontier denies the incident alleged by plaintiff occurred, and consequently, it has no items responsive to this request other than the documents attached hereto. Frontier reserves the right to supplement its response to this request as the case proceeds and to make any and all appropriate objections to this request as they arise.

12.

Emails, electronic messages, letters, memos, or other documents concerning the subject incident.

**RESPONSE**:

Please see the documents attached hereto. Frontier objects to producing items responsive to this request that were prepared in connection with its defense of this litigation and in cooperation with the undersigned legal counsel and Frontier's in-house legal counsel, on the ground that all such items are privileged attorney-client communications and work product. A privilege log is not required regarding the Frontier's legal counsel's file created and maintained in defense of this litigation.

-21-

## REQUESTS FOR ADMISSIONS

1.

Service of process on you was valid.

**RESPONSE**:

Admitted.

2.

Service of process on you was timely.

**RESPONSE**:

Admitted.

This 19th day of June, 2017.

J. Arthur Mozley
Georgia Bar No. 527700
Anne M. Landrum
Georgia Bar No. 433990

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
404.256.0700 Telephone
404.250.9355 Facsimile
amozley@mfllaw.com
alandrum@mfllaw.com
431761

*Attorneys for defendant*
*Frontier Airlines, Inc.*

-22-

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUE HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:17-cv-01264-CAP |
| v. | ) | _____ |
| | ) | (Civil Action No. 17C01240-4 |
| FRONTIER AIRLINES, INC., | ) | removed from the State Court of |
| | ) | Gwinnett County, Georgia) |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

I hereby certify that on this date, I served the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMETNS, AND FIRST REQUESTS FOR ADMISSIONS** by depositing a correct copy of the same in first class mail in a properly addressed envelope with adequate postage thereon addressed to the following counsel of record:

J. Marcus Howard, Esq.
Geoffrey E. Pope, Esq.
POPE & HOWARD, P.C.
945 E. Paces Ferry Road
Suite 2525
Atlanta, GA  30326
*Attorneys for plaintiff*

-23-

Pursuant to Local Rule 5.1, NDGa., the foregoing pleading is prepared in Times New Roman, 14 point.

This 19th day of June, 2017.

Anne M. Landrum
Georgia Bar No. 433990


MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia  30342
404.256.0700 Telephone
404.250.9355 Facsimile
alandrum@mfllaw.com

-24-