# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **SUE HIATT,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **CIVIL ACTION FILE** |
| | ) | **NO.: 1:17-cv-01264-CAP** |
| **v.** | ) | |
| | ) | |
| **FRONTIER AIRLINES, INC.,** | ) | |
| **ABM AVIATION, INC., AND** | ) | |
| **AIRPORT TERMINAL** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR NON-SHARING PROTECTIVE ORDER

Defendants have moved for a protective order preventing Plaintiff or her attorney from sharing information with the "general public." Plaintiff has no interest in doing so and, in fact, has agreed to a protective order. The only dispute here involves the question of whether Plaintiff's counsel can share certain information with other counsel who are handling similar cases against defendants and who would be bound by any protective/confidentiality order. Because such sharing promotes integrity in litigation, and because Plaintiff has agreed to ensure the confidentiality of such information, Plaintiff asks that the Court enter a protective order permitting such sharing with other litigants.

Non-sharing protective orders drive up the costs of litigation for each plaintiff with a claim against a defendant and stymie future plaintiffs' access to justice by forcing every plaintiffs' counsel litigating a claim against a defendant to expend considerable time and resources fighting for discovery.  Non-sharing protective orders also increase the potential for discovery abuse by allowing defendants to selectively withhold documents without the fear that plaintiffs will discover their abuse by locating relevant, responsive documents that defendants have produced in previous litigation.

Sharing protective orders, on the other hand, level the playing field between powerful defendants and individuals by minimizing discovery costs and improving individuals' access to justice.  Sharing protective orders also promote speedy and efficient litigation by facilitating and controlling the dissemination of discovery material necessary to prosecute a case without repetitious discovery battles and without compromising defendants' truly confidential documents. Allowing the dissemination of information amongst counsel also keeps defendants honest by forcing them to consistently produce relevant, responsive documents requested in discovery or face the consequences of hiding such documents. Finally, sharing amongst plaintiffs' counsel promotes judicial economy by conserving judicial resources that would be expended refereeing discovery disputes.

## **BACKGROUND OF DISPUTE**

Plaintiff agreed to a protective order here, but the parties could not agree on one issue – whether Plaintiff's counsel could share information with other counsel handling similar cases against Defendants. On July 3, 2017, Plaintiff's counsel sent Defense counsel an example of a protective order that was acceptable. See Consent Protective Order of 1/31/17, Anderson et al. v. Southern Home Care Services, Inc. et al. Case No. 1:13-cv-00840, Document No. 67 ("Anderson Order") [copy attached at Exhibit 1.] Paragraph 5 of the Anderson Order permitted sharing of confidential information with "counsel engaged in similar litigation against a party (subject to the limitations below)." [Id., p. 4.] Paragraph 9 allowed Plaintiff's counsel to retain any documents produced "pursuant to the terms of this Order." [Id., p. 6.] The Order also stated that its terms would continue after the litigation ended and that the Court retained jurisdiction over any disputes related to the Order. [Id., ¶¶ 10-11.] Defendants would not agree to the sharing provision proposed by Plaintiff – or, for that matter, any sharing provision at all.

Contrary to what Defendants state in their Motion, Plaintiff's counsel has no interest in sharing information with the "general public." Nor is Plaintiff's counsel refusing to treat confidential materials as confidential. The only issue is whether Plaintiff's counsel may share information with other lawyers handling similar cases who would also be subject to the terms of any protective order.

## ARGUMENT AND CITATION OF AUTHORITY

Sharing between parties engaged in similar litigation is an important way to level the playing field and ensure integrity during litigation.  For example, it is not unheard of that parties will deny the existence of documents only for such documents to be discovered later in other, unrelated cases.  A prime example of such a situation is described in a 2008 Order from the State Court of Gwinnett County, Georgia involving policies such as the type at issue in this case.  In its August 14, 2008 Order in <u>Wyckstandt v. Gwinnett Hospital System, Inc.</u>, Civil Action No. 05-A-06215-4 [copy attached as Exhibit 2], the court issued sanctions against a defendant hospital for failing to disclose policies that had been requested in litigation.  In that case, Plaintiff requested the policies in a Rule 30(b)(6) notice, but defendant's counsel stated that "no responsive policy existed."  [Exh. 2, p. 2.] Defense counsel further represented to the court that no such policies existed.  [Id.] Plaintiff then proceeded to trial based on defendant's representation that no such policies existed.  [Id.]  The trial lasted a week, resulting in a hung jury.  While preparing for a re-trial, plaintiff's counsel "unearthed [a responsive] policy through representing another party in a separate action which had nothing to do with the case before this Court."  [Id., p. 3.]  Plaintiff filed a motion for sanctions, and "defense counsel argued that due to the number of policies maintained by the

hospital that this policy was overlooked." [Id.]  The court found such an explanation unbelievable and sanctioned defendant over $87,000 for attorney fees and expenses associated with the first trial.  [Id., p. 5.]

Plaintiff here is not accusing defendants of withholding policies or engaging in discovery misconduct.  However, the Wyckstandt case illustrates the need for documents obtained in one case to be able to be shared in similar litigation.  Had different plaintiff's attorneys been involved in the two separate cases described in Wyckstandt, and had a non-sharing protective order been entered in the case where the hospital policies had been located, the defendant in Wyckstandt would have gotten away with a fraud on the Court, and plaintiff would have been deprived of information that was vital to presenting her case.

In this case, Plaintiff does not oppose entry of a protective order but is simply trying to preserve the ability to share information with other litigants in other similar litigation as a means of ensuring integrity during discovery.  This is the reasoning used by the court in Miller v. General Motors Corp., 192 F.R.D. 230, 231 (E.D. Tenn. 2000), which permitted sharing, in part, to "encourage [defendant] to be careful with regard to completeness and uniformity of its production of discovery in all similar cases."

In addition to Miller, Plaintiff here asks this Court to look at the reasoning of judge Ashley Royal in the Middle District of Georgia in Henderson v. FedEx Exp.,

No. CIVA 5:09-CV-85(CAR), 2009 WL 1951059, at *4 (M.D. Ga. July 6, 2009) [Copy attached as Exhibit 3.]  There, Plaintiff filed a motion to compel when defendant requested a confidentiality agreement that included a condition limiting use of the documents to the current litigation.  The Court granted Plaintiff's motion to compel and held that:

> [T]he reality is that the federal rules simply "do not foreclose collaboration among litigants." *Parsons v. General Motors Corp.,* 85 F.R.D. 724, 726 n. 1 (N.D.Ga.1980); *see also United States v. Hooker Chems. & Plastics Corp.,* 90 F.R.D. 421, 426 (W.D.N.Y.1981) ("Use of the discovery fruits disclosed in one lawsuit in connection with other litigation, and even in collaboration among plaintiffs' attorneys, comes squarely within the purposes of the Federal Rules of Civil Procedure."). District courts, therefore, should not consider the possibility that a plaintiff will share the results of discovery with other litigants when determining whether information should be guarded by a confidentiality agreement or protective order. *See Parsons.,* 85 F.R.D. at 726 n. 1.

Henderson, 2009 WL 1951059, at *5 (footnote omitted).

The Court went on to state that:

> Courts, in fact, have often declined to impose conditions on the use of information when the condition is based solely on a desire to prevent access to litigation materials needed in parallel lawsuits. *See e.g., Hooker,* 90 F.R.D. at 426 ("Hooker also argues that the disclosure of information garnered through discovery will be detrimental to its position in parallel lawsuits. This is unquestionably true. However, this is not a reason for a court to impose a protective order."). Courts actually favor allowing access to discovery materials to meet the needs of parties engaged in collateral litigation. *See Foltz v. State Farm Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir.2003). Cooperation among litigants promotes both the speedy and

> inexpensive determination suits and the conservation of valuable judicial resources. *Hooker,* 90 F.R.D. at 426 (citing *Williams v. Johnson & Johnson,* 50 F.R.D. 31, 32 (S.D.N.Y.1970)); *see also Foltz,* 331 F.3d at 1131 ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery."); *Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 546–547 (N.D.Ind.1991) ("[T]he sharing of discovery materials ultimately may further the goals of [the Federal Rules] by eliminating the time and expense involved in re-discovery.). On the other hand, "[m]aintaining a suitably high cost of litigation for future adversaries" is not a proper ground for limiting the use of information learned during discovery. *Wauchop,* 138 F.R.D. at 547. "[R]equiring each plaintiff in every similar action to run the same gauntlet over and over again serves no useful purpose other than to create barriers and discourage litigation against the defendants." *Cipollone v. Liggett Group, Inc.,* 113 F.R.D. 86, 87 (D.N.J.1986).

<u>Id.</u>

Even assuming (without conceding) that the documents at issue here are somehow protected by federal regulations, Defendants concede on pages 10-11 of their brief that Plaintiff's counsel "clearly" has a "need to know" under federal regulation 49 C.F.R. § 1520.11.  Defendants fail to explain, however, why counsel in similar litigation also do not have a similar "need to know."  Rather, Defendants simply raise concerns about documents being subject to a protective order that expires and that are then disseminated to the "general public."  This is <u>not</u> what Plaintiff is suggesting.  Rather, the proposed protective order provided by plaintiff continues beyond the litigation and limits sharing to "counsel engaged in similar litigation against a party."  <u>Anderson Order</u>, p. 5.  Under Defendants' own

Page 7

definition, such other counsel "clearly" have a "need to know." [Defendant's Brief, pp. 10-11.] Since Defendants here concede that a plaintiff's lawyer engaged in litigation against a party has a "need to know" under federal regulations, then there is no reason a protective order here cannot (as Plaintiff has offered) limit sharing to other lawyers who have the same need to know as Plaintiff's counsel here.

Indeed, as a matter of public policy, the sharing of information about these safety policies should not be unnecessarily restricted. The National Highway Transportation Safety Administration (NHTSA) encourages private litigants not to enter into restrictive protective or confidentiality orders, as such orders might interfere with the ability to promote safety on the highways. [NHTSA Enforcement Guidance Bulletin 2015-01: Recommended Best Practices for Protective Orders and Settlement Agreements in Civil Litigation; copy attached as Exhibit 4, relevant portions highlighted in yellow.] While this NHTSA Bulletin relates to highways, not airways, the principle is the same.

In short, there are many compelling reasons for denying Defendants' request for a non-sharing protective order, not least of which are the safety concerns of the flying public. Also, in order to prevent situations like <u>Wyckstandt</u>, Plaintiff asks the Court to adopt the reasoning in <u>Henderson</u> and <u>Miller</u> to ensure integrity in

litigation, not only in the present case, but in future cases as well.[1]  Defendants will still receive the protection of this court regarding anything that is shared if the Court enters an order similar to that in Anderson, above.  And, sharing will be limited to other lawyers engaged in similar litigation against the parties here.

## CONCLUSION

Defendants have not met their burden to restrict discovery in the way they request in their motion.  Plaintiff has no objection to a protective order and has proposed a draft order that Judge Leigh May entered in another case.  This order would ensure that any confidential materials are protected and that any sharing would be subject to the on-going protection of the Court.  By permitting sharing, however, this Court would also promote public safety and integrity in litigation by allowing parties engaged in similar litigation to know about the existence and completeness of documents that are relevant to their cases.  For this reason, Plaintiff requests that any protective order include sharing provisions as outlined in the Anderson Order that is attached to this response.

This 24th day of January, 2018.

---

[1] The cases cited by Defendants here, Howard v. Hartford Life & Acc. Ins. Co., 275 F.R.D. 649 (M.D.Fla. 2011) and Tillman v. C.R. Bard, Inc., 297 F.R.D. 660, 662 (M.D.Fla 2014), have nothing to do with the issue of sharing protective orders.  Those cases involved the question of whether a protective order should be entered at all and whether the plaintiff could publicly disclose information.  Here, Plaintiff has agreed to a protective order and any sharing would be with other lawyers who would be subject to such a protective order.

                                                  POPE & HOWARD, P.C.

                                                  *By:/s/ J. Marcus Howard*
                                                  J. Marcus Howard
                                                  Georgia Bar No. 370076

945 E. Paces Ferry Road                Attorneys for Plaintiffs
Suite 2525, Resurgens Plaza
Atlanta, Georgia 30326
404-885-9999 – phone
mhoward@popehoward.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John Arthur Mozley
Anne M. Landrum
Mozley, Finlayson & Loggins
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386

Justin M. Kerenyi
JD Howard
Sam Crochet
Hall Booth Smith, PC
191 Peachtree St. NE, Suite 2900
Atlanta, Georgia 30303

Fred D. Bentley, Jr.
Jamie S. Wingler
Bentley, Bentley & Bentley
241 Washington Ave.
Marietta, Georgia 30060

Pursuant to Local Rule 5.1, NDGa, the foregoing pleading is prepared in Times New Roman, 14 point type.

This 24th day of January, 2018.

*/s/ J. Marcus Howard*
J. Marcus Howard
Georgia Bar No. 370076
mhoward@popehoward.com