EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARGARET ANDERSON,<br>MARY DIXON, LATASHA WILLIAMS,<br>And KYONNE SUTHERLAND,<br>*Individually and on behalf of all Others Similarly situated,*<br><br>Plaintiffs,<br><br>SOUTHERN HOME CARE SERVICES, INC., and<br>RES-CARE, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO.: 1:13-cv-00840-LMM |

## CONSENT PROTECTIVE ORDER

1.

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered for the purpose of protecting documents and information that are proprietary and/or confidential.

2.

Confidential Information as used in this Order is strictly limited to information that constitutes either (1) a trade secret as defined by Section 1(4) of the Uniform Trade Secrets Act; (2) personal identifying information; or (3) personal health information protected by HIPAA, and is designated to be

"Confidential" by a party which in this litigation, whether it is revealed in a document, deposition, interrogatory response, or otherwise. In the event that a disagreement arises with respect to the designation of certain information as Confidential, the parties will attempt to resolve the dispute before presenting it to the Court. The non-designating party may then, however, challenge the designation by way of conference or application to the Court. A party may designate information as "Confidential" by marking a document with the legend "Confidential - Subject to Protective Order."

3.

The burden of proving that any material contains confidential information is on the party claiming confidentiality. Prior to designating any material as "CONFIDENTIAL," the designating party must make a bona fide determination that the material does, in fact, meet the definition above. For any document that does not meet this definition, but the producing party nonetheless contends shall be subject to the terms of this Order because of a court order, settlement, or other contractual agreement, the producing party shall produce a log delineating each and every such designated document, along with the case name or other reasonably identifiable information detailing the basis for the claim of confidentiality. Where a court order is in effect, a copy of the relevant order shall be produced.

4.

By entering into this Order and agreeing to its terms, the parties do not concede that documents or information designated as "CONFIDENTIAL" do in fact contain or reflect confidential information, and the receiving party reserves the right to challenge any such designation. Further, no party shall be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereof whether during the pendency of this litigation or afterwards. If, during the pendency of this litigation, any party wishes to object to any such designations, the following procedures shall apply:

a. The challenging party shall notify counsel for the designating party in writing of such objection. The designating party shall then have fifteen (15) days thereafter to respond in writing either withdrawing the "CONFIDENTIAL" designation or refusing to do so and providing reasons for such refusal.

b. If the objection cannot expeditiously and informally be resolved within twenty-one (21) days, the designating party shall seek a ruling from the Court in accordance with the Court's Standing Order Regarding Civil Litigation. The designated information at issue shall continue to be treated as "CONFIDENTIAL MATERIAL" as designated until the Court orders otherwise.

5.

No document, deposition, or tangible thing or other information described above may be disclosed to any person, except for the following: the Court and all Court personnel; counsel of record; persons assisting counsel of record, including outside experts, counsel engaged in similar litigation against a party (subject to the limitations below), consultants, directors, officers, and employees of any party; provided, however, that no disclosure of (1) the identities of any defendant's client or clients; (2) any private health information covered by HIPAA; or (3) the identiity, contact information or private financial information related to any putative or potential class member shall be made to third-party counsel engaged in similar litigation against any party.

6.

In the case of a deposition or oral examination, counsel for the designating party may, during the deposition, designate on the record that testimony involving confidential information be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the designating party receives a transcript of the deposition and designates specific page and line portions of the testimony that are to be treated as "CONFIDENTIAL." Such a designation must be made in a written letter served to all counsel of record within thirty (21) days after the designating party's receipt of the written deposition

transcript from the court reporter. In the event the designating party's counsel during the deposition does not designate on the record that testimony involving confidential information be held as "CONFIDENTIAL," the designating party does not waive its right to designate the deposition testimony or any parts thereof as "CONFIDENTIAL" upon receipt of the deposition transcript. Only the portions of the deposition transcript designated by the designating party during this time period shall remain "CONFIDENTIAL." The parties stipulate that the court reporter or videographer for any such depositions will be given a copy of this Consent Protective Order and will execute an acknowledgement thereof, and shall not disclose to anyone (other than the COVERED PERSONS as defined in paragraph 5) any deposition testimony or exhibits in this lawsuit.

7.

Filing of materials containing CONFIDENTIAL information shall be done in accordance with the Court's Standing Order Regarding Civil Litigation.

8.

All such documents and materials produced by Defendant to counsel for Plaintiff pursuant to the above paragraphs shall be used only in the course of the above-captioned proceedings and shall not be disclosed in any manner to anyone other than the Covered Persons as defined above.

9.

Counsel for the receiving parties shall not be required to return any documents produced pursuant to this Order and after the conclusion of this case may retain the documents pursuant to the terms of this Order.

10.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other order of this Court.

11.

At the conclusion of this lawsuit, this Court shall retain jurisdiction of this lawsuit for the enforcement of this Consent Protective Order.

12.

It is expressly agreed and understood that the parties to this Consent Order exclusively to expedite the production of documents. By consenting to this Order and in particular portions of this Order limiting the dissemination of materials produced pursuant to this Order to only the "Covered Persons" identified above, the parties and counsel are not waiving in any way the right to seek from opposing

counsel, or move the Court in the future, for an expansion of the definition of "Covered Persons."

13.

Either party may seek relief from the provisions of this Order at any time upon motion filed with the Court.

SO ORDERED this 30th day of January, 2017.

_____
The Honorable Leigh Martin May
United States District Judge