IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RICHARD WYCKSTANDT, Individually and as Administrator of the Estate of Wendy Wyckstandt, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO: 05-A-06215-4 |
| v. | ) ) | |
| GWINNETT HOSPITAL SYSTEM, INC., d/b/a GWINNETT MEDICAL CENTER, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER FOR DISCOVERY SANCTIONS

On May 19, 2008 this Court heard arguments on Plaintiff's Emergency Motion for Discovery Sanctions and issued an order from the bench that found that the Defendant Gwinnett Hospital System, Inc. ("GHS") had committed willful and intentional discovery abuse under O.C.G.A §9-11-37. The Court finds that the manner in which discovery was conducted by Defendant was willful, in bad-faith and in conscious disregard of the obligations set forth by the Georgia Civil Practice Act. As such the Defendant's discovery abuse rose to the level that permitted the Court to strike the Answer of the Defendant. Rather than striking the Answer, the Court, under O.C.G.A §9-11-37, awarded attorneys' fees and cost incurred by the plaintiff as a result of the discovery abuses in this case.

This award includes the attorneys' fees and costs incurred by the Plaintiff as a result of the October, 2007 trial that resulted in a hung jury. The fees and costs incurred in the first trial are being awarded because the Court finds that Plaintiff conducted the first trial based on Defendant's misrepresentations in their discovery answers and without key documents that were requested and improperly withheld by the Defendant.

In 2002, Plaintiff's discovery included a notice of a Rule 30(b)(6) deposition that requested:

> Gwinnett Hospital Systems, Inc.'s policy practices and procedures at the time of Wendy Wyckstandt's death regarding the care and assistance to be provided to patients of the hospital while the patients are bathing or showering in a tub.

Counsel for GHS, Heather McGrotty, responded by letter to the Plaintiff stating a member of the Hospital's risk management staff had confirmed that no responsive policy existed. In 2007, GHS filed a Motion for Protective Order to prevent the deposition and discovery of information related to the hospital's investigation of Ms. Wyckstandt's death. In their Motion for a Protective Order, GHS represented to this Court that:

> Plaintiff also sought a 30(b)(6) deposition in August of 2002. Several of the topics in the Notice pertain to nursing policies or procedures; however, each topic seeks only those policies and procedures which address care related to "patients [who] are bathing or showering.... Because GHS does not have any policies or procedures addressing care to patients who are "bathing or showering," there were no policies on point; however, GHS did produce Policy No. 7107-21 regarding standards of care for post-partum patients on the Maternal Child Unit as it briefly addresses showering.

At the related hearing, Counsel for GHS represented the following to this Court:

> August of 2002, we were served with a 30(b)(6) deposition notice asking us to make someone available to discuss policies and procedures regarding supervision and assistance to be provided to patients at the hospital while bathing or showering....Additionally we had also told them, we don't have any policies and procedures that specifically address supervision of someone while showering or bathing....There are no policies and procedures that specifically address these specific areas in which they requested information.

In October 2007, Plaintiff, justifiably, proceeded to trial before this Court based on the representations that GHS did not have any policies or procedures related to patients showering or

2

bathing. The plaintiff, as well as this County, spent considerable resources during the first trial, which lasted over a week and resulted in a hung jury.

In preparing for the second trial of this case, Plaintiff uncovered a shower and bath policy and procedure of GHS that was never produced and was directly responsive to Plaintiff's previous discovery request. Defendant never produced this policy during the discovery of this case and in fact denied its existence several times. Counsel for Plaintiff only unearthed this policy through representing another party in a separate action which had nothing to do with the case before this Court.

Upon locating the shower and bath policy, Plaintiff sought to take a 30(b)(6) deposition of a hospital employee to discuss this policy as well as other issues. The 30(b)(6) deponent testified that the shower and bath policy and procedure was in effect at the time of Ms. Wyckstandt's death.

During the hearing on Plaintiff's Motion for Sanctions, Heather McGrotty and John Hall were both heard on behalf of GHS. In response for their failure to produce the requested shower and bath policy, defense counsel argued that due to the number of policies maintained by the hospital that this policy was overlooked. The Court finds this argument unpersuasive. The shower and bath policy at issue was contained in a nursing procedure book. The shower and bath section was listed in the index of nursing procedure book as well as in its table of contents. Any reasonable, much less a diligent, search of responsive information would have revealed the relevant policy.

Furthermore, two Gwinnett Medical Center nurses—one of which was the corporate representative for GHS at trial—testified that the nursing procedure book was maintained, in accordance to another GHS policy, at the nursing station located on Ms. Wyckstandt's floor.

3

The Court finds that the shower and bath policy that was improperly withheld was material and in fact critical evidence in this case. Ms. Wyckstandt died as a result of drowning in her shower. The first trial of this case, which resulted in a hung jury, was flawed as a result of Defendant's failure to produce this policy.

GHS abused the discovery process by evading Plaintiff's discovery requests and providing incomplete and misleading responses.

The problem in this case has been the repeated assertions by GHS that no polices or procedures existed when those assertions were patently false. As a result, Plaintiff was left with the mistaken belief that there was nothing to compel. Through discovery responses, letters, motions and hearings, GHS repeatedly asserted that all responsive policies had been produced and no polices existed regarding supervising patients while showering or bathing. Both statements have proven to be false.

This kind of conduct is governed by the holding in Orkin Exterminating Co. Inc. v. McIntosh, 215 Ga. App. 587, 452 S.E.2d 159 (1994) and Santora v. American Combustion, Inc., 225 Ga.App. 771, 485 S.E.2d 34. The Court of Appeals has explained the policy implications that result if such a defendant is not punished:

> A litigant will not be heard to contend that its own conduct has removed it beyond the reach of sanctions, when it has frustrated the orderly process prescribed in O.C.G.A. § 9-11-37 by false or erroneous responses to interrogatories. To condone such conduct would force parties to assume the falsity of every sworn interrogatory response and file endless motions preserving their right to relief. Such a rule would allow the unscrupulous to conceal documents from opposing parties by the simple expedient of denying their existence, without fear of penalty if the deception were by some chance discovered. It would discourage diligence in seeking out relevant documents even on the part of those not actively dishonest. Lack of diligence or negligence would not only be unpunished, it would be rewarded.
>                                                            Id. at 591.

4

Defendant's failure to fully and completely respond to Plaintiff's discovery was not due to inability or negligence, but was rather willful and intentional. Plaintiff's preparation of this case was substantially prejudiced and, indeed, completely thwarted by the actions of GHS.

This Court awards attorneys' fees and costs incurred by Plaintiff against GHS.

Based on the affidavits of Plaintiff's counsel the amount awarded is as follows:

| | |
|---|---|
| A. Attorney's fees Jeff Harris | $27,000.00 |
| B. Attorney's fees Fredrick Massey | $21,600.00 |
| C. Attorney's fees Jed Manton | $8,125.00 |
| D. Costs Harris Penn Lowry, LLP | $12,602.00 |
| E. Costs Hicks Massey & Gardner, LLP | $18,216.72 |
| **Total Amount Awarded** | **$87,543.72** |

So Ordered,

August 14, 2008.

_____
The Honorable Michael C. Clark, Judge
Superior Court of Gwinnett County

Prepared by:

Jeffrey R. Harris, Esq.
HARRIS PENN & LOWRY
The Biltmore, Suite 1105
817 West Peachtree Street
Atlanta, Georgia 30308
(404) 961-7650

5