2009 WL 1951059
Only the Westlaw citation is currently available.
United States District Court,
M.D. Georgia,
Macon Division.

Everett HENDERSON, Plaintiff,
v.
FEDEX EXPRESS, Defendant.

Civil Action No. 5:09–CV–85 (CAR).
|
July 6, 2009.

West KeySummary

1   **Federal Civil Procedure**
    🔑Employment, Records Of

An employee in an employment discrimination suit against his employer was entitled to compel production of information withheld as protected by the employer. Although the employee's attorney would be able to use the information gleaned in the suit for parallel litigation involving another employee of the same employer, the employer failed to provide evidence of any other possible harm that could be incurred as a result of the disclosure of personnel records. Further, other litigants could easily navigate the confidentiality provisions by simply requesting the documents themselves.

Cases that cite this headnote

**Attorneys and Law Firms**

Chevene Bowers King, Jr., Albany, GA, for Plaintiff.

Karen Vaughan McManus, Federal Express Corp. Legal Dept., Richard S. McConnell, Jr., Fedex Legal Department, Memphis, TN, for Defendant.

**ORDER ON MOTION TO COMPEL AND MOTION FOR JOINDER**

C. ASHLEY ROYAL, District Judge.

***1** Before the Court are Plaintiff Everett Henderson's motions to compel the production of documents[1] and for joinder of parties. Currently, Plaintiff objects to limitations Defendant FedEx Express has imposed upon the use of non-party personnel documents he acquires through discovery and essentially moves the Court to compel disclosure of the documents without such condition. Plaintiff has further moved to join additional plaintiffs, pursuant to Fed.R.Civ.P. 20(a), to the present action. Both matters were heard by the Court in a teleconference held on July 2, 2009. Having considered the arguments of counsel, the briefs and exhibits before the Court, and the relevant law, the Court finds that Plaintiff's motion to compel the production of documents should be **GRANTED.** His motion for joinder, however, is **DENIED.**

**RELEVANT PROCEDURAL HISTORY**

*A. The Henderson Case*

Plaintiff originally filed this employment discrimination action in June of 2007 in the Albany Division of the Middle District of Georgia and served Defendant Fed Ex with the Complaint three months later. Defendant filed a timely answer, and a Scheduling and Discovery Order was entered in the case in January of 2008, which set the expiration of discovery as April 24, 2008. The deadline for filing dispositive motions was May 27, 2008, and trial of the case was set for October of 2008.

Just twenty days before the original discovery period was due to expire, Plaintiff filed a motion to enlarge the permitted number of discovery requests. Therein, Plaintiff sought permission to serve Defendant with sixty-seven requests for admissions (rather than the 15 allowed by the local rules) and twenty-one requests for documents (rather than the 10 allowed by the local rules). Plaintiff further sought a 120–day extension of the discovery period and ironically requested an order compelling Defendant to answer the voluminous requests within thirty days. Defendant responded to the motion, explaining that, while Plaintiff now sought an expansion and extension of

discovery, Plaintiff had failed to respond to its timely discovery requests and that Plaintiff had waited until just three weeks before the expiration of the discovery period to initiate any discovery at all in the case. Plaintiff had also just recently served notices to three Fed Ex managers and a corporate representative for depositions scheduled only two weeks later. Defendant objected to the request for an expansion and extension of discovery but nonetheless made its managers available for deposition. Despite Defendant's efforts in accommodating Plaintiff's belated scheduling, however, Plaintiff's counsel failed to appear for the scheduled depositions, inconveniencing FedEx's counsel and three witnesses.

Two weeks later, just ten days before the end of the discovery period, Defendant was forced to file a motion to compel discovery. In its motion, Defendant again charged that Plaintiff had failed to respond to any of the written discovery it timely submitted months earlier despite Defendant's numerous requests and notice that it would seek an order compelling discovery. Plaintiff did not file a response to the motion. In May of 2009, Defendant filed another motion seeking to stay the deadline for dispositive motions. Therein, Defendant again complained that Plaintiff had not submitted responses to its initial discovery requests, even after the expiration of the discovery period, and had further failed to comply with additional requests for documents subsequently made.

**\*2** The United States District Court for the Middle District of Georgia, Albany Division, granted Defendant's motion to stay the time for filing dispositive motions and also granted a subsequent motion by Defendant to transfer the action to the Macon Division. The action was transferred to this Court in February of 2009. Shortly thereafter but nearly two-years into the case, Plaintiff filed the present motion, pursuant to Federal Rule of Civil Procedure 41(a), requesting that he be allowed to dismiss his Complaint, without prejudice, so that the action could be consolidated with others and re-filed at a later time.

In an Order dated May 26, 2009, this Court denied Plaintiff's motion for voluntary dismissal, but re-opened discovery for a limited time to ensure that Plaintiff's claims were not prejudiced. The parties were accordingly allowed sixty (60) days from the date of that Order to complete any remaining discovery, and Plaintiff was specifically ordered to provide the proper responses to Defendant's previous discovery requests within ten (10) days. In light of Plaintiff's continued failure to engage in proper discovery, Plaintiff's motion for additional discovery requests was denied.

In accordance with this Order, Defendant answered the written discovery requests Plaintiff had served near the end of the initial discovery period in April 2008, excepting only five of Plaintiff's production requests for which it requested that Plaintiff sign a confidentiality agreement for the protection information contained in those documents. Plaintiff, on the other hand, allowed 33 days of the extended discovery period to pass before serving Defendant with an untimely Second Request for Production of Documents. This action in fact violates with the Court's January 30, 2008 Discovery and Scheduling Order in this case, which directed the parties to serve discovery requests so that responses may be filed "prior to the expiration of the designated discovery period, including any extension of the discovery period." Plaintiff served his Second Request for Production on June 29, 2009, twenty-nine days prior to the close of the extended discovery period. Plaintiff's Second Request for Production exceeds the number allowed by Local Rule 34 in violation of this Court's May 26, 2009 Order denying his motion for motion for additional discovery requests.

On June 18, 2009, prior to serving of any discovery requests during the extended period, Plaintiff moved the Court to join new parties to this action, Ramon Young and Minerva Daniels.

*B. The Young Case*

Ramon Young filed a similar employment discrimination action against Defendant in August of 2007 in the Albany Division of the Middle District of Georgia and served Defendant with the Complaint in November of 2007. Defendant filed a timely answer, and a Scheduling and Discovery Order was entered in January 2008, which set the expiration of discovery as June 27, 2008.

In early June 2008, as the expiration of discovery neared, Defendant filed a Motion to Compel Discovery because Mr. Young had failed to properly respond to discovery requests served weeks earlier. Therein, Defendant stated that multiple request for responses had been made and that Mr. Young only provided cursory, unsigned, and unverified responses to its discovery requests in late May 2008. Defendant accordingly sought to have the Court compel Mr. Young to verify and amend its responses to Interrogatories and Requests for Production of Documents. Mr. Young did not respond to the motion.

**\*3** However, in July of 2008, nearly a month after discovery had expired, Mr. Young filed a motion for extension of the discovery period, which was essentially a motion to re-open discovery at that point. Mr. Young also described additional discovery which needed to be sought in the case and specifically noted that a similar case had

been filed by Everett Henderson against the same defendant and that expanded discovery would be necessary like that warranted in the Henderson case. Defendant objected to the motion for extension of discovery, claiming that Mr. Young had not diligently pursued discovery in the period initially allotted. Mr. Young had seven months to complete discovery in the case and apparently waited until approximately one week before the discovery deadline of June 27, 2008, before attempting to take any depositions in the case.

In February of 2009, the action was transferred to the Macon Division. Shortly thereafter but more than a year and a half into the case, Mr. Young, like Plaintiff Henderson, filed a motion, pursuant to Federal Rule of Civil Procedure 41(a), requesting that he be allowed to dismiss his Complaint, without prejudice, so that the action could be re-filed at a subsequent time. In an Order dated May 26, 2009, this Court denied Mr. Young's motion for voluntary dismissal but, as in Plaintiff Henderson's case, re-opened discovery for a limited time to ensure that Mr. Young's claims were not prejudiced and allowed the parties sixty (60) days from the date of the Order to complete any remaining discovery.

Mr. Young, however, waited until June 16, 2009, twenty days into the extended discovery period, before serving Defendant with his First Request for Production of Documents. He followed with service of his First Interrogatories on June 22, 2009. Defendants' responses to these discovery requests are due July 20, 2009 and July 21, 2009, respectively. On June 29, 2009, less than thirty days from the expiration of the discovery period, Young served FedEx with an untimely Second Request for Production of Documents.

*C. The Daniels Case*

Minerva Daniels filed her action against Defendant in the Albany Division of the Middle District of Georgia on May 13, 2008. The parties exchanged Initial Disclosures shortly after the filing of FedEx's Answer on July 24, 2008. Soon thereafter, Defendant moved to transfer Daniels' action to the Macon Division, and discovery was postponed. Before the Court decided Defendant's motion for transfer, however, Daniels moved to voluntarily dismiss her action under Rule 41(a)(2). This motion was granted, and as of this date, Ms. Daniels has not re-filed her action.

**DISCUSSION**

Two motions are currently before the Court: (1) Plaintiff Henderson's apparent motion to compel the production of documents without the condition that he consent to certain confidentiality provisions proposed by Defendant, and (2) Plaintiff's Henderson's motion to join Ramon Young and Minerva Daniels as parties to the present action. Each of these motions will be discussed in turn below:

**I.** *Plaintiff's Motion to Compel the Production of Documents*

**\*4** By letter and in the teleconference held before this Court on July 2, 2009, Plaintiff's counsel has objected to the limitations Defendant wishes to impose upon the use of non-party personnel documents he acquires through discovery in this case. Through a standard confidentiality agreement, Defendant desires to condition its production of such information on the grounds it be used solely for the purposes of this litigation. The confidentiality agreement specifically provides that non-party personnel information "shall be used only for the purposes of this action and shall not be disclosed or transmitted, verbatim or in substance," to anyone except the named Plaintiff, in this lawsuit, deponents and witnesses, expert witnesses, the EEOC, the Court, court reporters, or other person agreed by the parties or as the Court may direct. (See Deft's Response in Opposition [Doc. 34], Exhibit 3). The agreement further stipulates that "[n]either Plaintiff nor Defendant nor their counsel of record shall copy, transcribe, or otherwise reproduce in written or any other form any part of portion of [the documents] except as necessary for purposes of this litigation" or otherwise "discuss or disclose the contents of [such documents] with any other person, except ... for purposes of this action ...." (*Id.*)

This type of agreement is standard, and generally, there are no disputes about such a limitation on the use of discovered material. "However, the fact that something may be the general practice does not mean that the practice must be adopted by an unwilling party." *U.S. v. Hooker Chemicals & Plastics Corp.,* 90 F.R.D. 421, 425 (D.C.N.Y.1981). In this case, Plaintiff's counsel would prefer that he be permitted to use the confidential documents he acquires through discovery in the present case to further similar discrimination claims brought by other former employees of Defendant, both of which he also represents. There is also reason to believe that Plaintiff's counsel desires to use such information to further cases brought by currently, unknown potential plaintiffs.

Clearly, one purpose of the confidentiality agreement is to prevent such expansive use the documents disclosed, and

as noted above, the Court does not find this to be a generally unreasonable condition. In most cases, a party can simply navigate this type of condition by seeking documents in discovery for his case without concern about other litigation, and the limitation is not an issue. Plaintiff's counsel, however, has a very similar case pending in this Court with Plaintiff Ramon Young as plaintiff, *Young v. Fed Ex Express,* 5:09–CV–84 (CAR), and has previously acknowledged the need to request similar documents in the Young case. Apparently, however, Counsel did not seek to discover these documents for the benefit of Mr Young. For whatever reason, he simply failed or refused to do so, and the time for discovery in that case is about to expire. As such, Counsel now essentially seeks to save Mr. Young's case by sharing information discovered in the present case. At first thought, this may not seem fair, and Defendant argues that Counsel should not be permitted to share information learned in discovery to further or initiate other lawsuits against Defendant.

**\*5** However, the reality is that the federal rules simply "do not foreclose collaboration among litigants."[2] *Parsons v. General Motors Corp.,* 85 F.R.D. 724, 726 n. 1 (N.D.Ga.1980); *see also United States v. Hooker Chems. & Plastics Corp.,* 90 F.R.D. 421, 426 (W.D.N.Y.1981) ("Use of the discovery fruits disclosed in one lawsuit in connection with other litigation, and even in collaboration among plaintiffs' attorneys, comes squarely within the purposes of the Federal Rules of Civil Procedure."). District courts, therefore, should not consider the possibility that a plaintiff will share the results of discovery with other litigants when determining whether information should be guarded by a confidentiality agreement or protective order. *See Parsons.,* 85 F.R.D. at 726 n. 1.

Courts, in fact, have often declined to impose conditions on the use of information when the condition is based solely on a desire to prevent access to litigation materials needed in parallel lawsuits. *See e.g., Hooker,* 90 F.R.D. at 426 ("Hooker also argues that the disclosure of information garnered through discovery will be detrimental to its position in parallel lawsuits. This is unquestionably true. However, this is not a reason for a court to impose a protective order."). Courts actually favor allowing access to discovery materials to meet the needs of parties engaged in collateral litigation. *See Foltz v. State Farm Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir.2003). Cooperation among litigants promotes both the speedy and inexpensive determination suits and the conservation of valuable judicial resources. *Hooker,* 90 F.R.D. at 426 (citing *Williams v. Johnson & Johnson,* 50 F.R.D. 31, 32 (S.D.N.Y.1970)); *see also Foltz,* 331 F.3d at 1131 ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery."); *Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 546–547 (N.D.Ind.1991) ("[T]he sharing of discovery materials ultimately may further the goals of [the Federal Rules] by eliminating the time and expense involved in re-discovery.). On the other hand, "[m]aintaining a suitably high cost of litigation for future adversaries" is not a proper ground for limiting the use of information learned during discovery. *Wauchop,* 138 F.R.D. at 547. "[R]equiring each plaintiff in every similar action to run the same gauntlet over and over again serves no useful purpose other than to create barriers and discourage litigation against the defendants." *Cipollone v. Liggett Group, Inc.,* 113 F.R.D. 86, 87 (D.N.J.1986).

Accordingly, this Court will decline to impose conditions on the use of information acquired during discovery solely because such information may be shared with other litigants, especially in the absence of evidence of any other possible harm that could be incurred as a result of the disclosure. Defendant, in fact, will not suffer great prejudice by this decision; as noted above, other litigants can easily navigate the confidentiality provisions contested here by simply requesting the documents themselves. Plaintiff Ramon Young, however, will receive a windfall in his case since he apparently failed to properly request this information during his own discovery period. Nonetheless, Plaintiff's Motion to Compel the production of theses documents is **GRANTED.** Defendant is directed to produce the requested documents, to the extent that such request was otherwise timely and in compliance with this prior Court's Scheduling and Discovery Order, without condition that the information contained therein be used solely for the litigation in which it is sought. This Order, however, is not intended to prevent Defendant from redacting the documents as necessary or otherwise taking action to protect the privacy of those non-parties involved.

**II.** *Plaintiff's* **Rule 20** *Motion for Joinder of Parties*
**\*6** Plaintiff additionally moves the Court to join additional parties to the present action pursuant Rule 20(a), which provides:

Persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a). "[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of the disputes, thereby eliminating unnecessary lawsuits." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir.2000). Courts have wide discretion in determining whether to add a party under Rule 20(a). Arrington v. City of Fairfield, Ala., 414 F.2d 687, 693 (5th Cir.1969); Chavez v. Ill. State Police, 251 F.3d 612, 632 (7th Cir.2001). This discretion allows a court to consider, in addition to Rule 20's requirements, "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." Chavez, 251 F.3d at 632 (internal citations and quotation marks omitted). If joinder would create "prejudice, expense, or delay," the court may deny the motion. Id.; see also 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed.1998). Here, in support of the present motion, Plaintiff argues that Ramon Young and Minerva Daniels should be joined as plaintiffs in this action because each of the plaintiffs' claims are based upon allegations of race discrimination or unlawful retaliation and because all three individuals were co-workers at the same facility and "are relying upon or need essentially the same evidence of events and other instances of proof involving essentially the same group of individuals (such as supervisors and white employees who were similarly situated ...)."

In a clean case, Plaintiff is correct that these factors may be grounds to consider joinder under Rule 20.[3] However, as detailed above, these cases are anything but clean. Both the Henderson case and the Young case have been pending for two years. Prolonged discovery has been conducted separately in both cases and is due to expire in just a few weeks. Joinder at this stage would likely give rise to new theories of recovery and present different factual scenarios that would need to be explored with additional discovery, particularly with regard to Ms. Daniels' claims, for which very little discovery has been conducted. Joinder is frequently denied in such cases—i.e., where the case has progressed to an advance stage, discovery is nearly complete, and the amendment would require additional extensive discovery. See e.g., National Independent Theatre Exhibitors, Inc. v. Charter Financial Group Inc., 747 F.2d 1396, 1404 (11th Cir.1984) (affirming denial of motion to add parties where defendants were ready for trial and would have been prejudiced by delay and expense occasioned by additional discovery).

*7 The motion to join parties in this case is simply untimely, and Counsel has not offered any explanation as to why he did not bring this motion before now. Indeed, despite his intimate knowledge of all cases for more than two years, Counsel failed to, prior to this time, move for joinder or even to consolidate the cases for the purposes for discovery. Rather, Counsel was content to force Defendant to engage in multiple discovery periods against separate dilatory opponents and defend against entirely separate claims. The Eleventh Circuit has held that "such unexplained tardiness constitutes undue delay." Carruthers v. BSA Advertising, Inc., 357 F.3d 1213, 1218 (11th Cir.2004); see also Maynard v. Board of Regents of Div. of Univ. of Fla. Dept. of Educ., 342 F.3d 1281, 1287 (11th Cir.2003) (stating that denial of motion to amend was proper where "there seems to be no good reason why [the plaintiff] could not have made the motion earlier"); National Indep. Theatre, 747 F.2d at 1400 (district court correctly denied motion to amend where plaintiffs had long known of parties and to allow plaintiffs to join them as discovery was coming to a close would "unduly prejudice" defendants and unnecessarily delay trial of the action).

Plaintiff has also presently done nothing to demonstrate how his claims will be damaged absent joinder. The Court, in fact, sees no advantage to joining new parties to the present case at this posture, especially in light of the Court's Order, supra, which will allow these parties to share documents disclosed in discovery. Again, discovery in two of the cases, Henderson and Young, is almost complete, and the parties will shortly be filing their separate responses to anticipated motions for summary judgment by Defendant. If summary judgment is granted, the cases are over. If summary judgment is denied in both cases, the Court may, at that time, consider a motion for consolidation of the cases for the purposes of trial. Consolidation of the two cases now, however, will likely only cause a delay in their ultimate resolution.

Joinder of Minerva Daniels to the present action would be even more prejudicial. Ms. Daniels originally filed a discrimination case against Defendant in the Albany Division of the Middle District of Georgia on May 13, 2008 but later moved to voluntarily dismiss her action under Rule 41(a)(2) before discovery was conducted. There is thus no pending case involving Minerva Daniels in this Court, and no discovery has been conducted as to her claims. Addition of Minerva Daniels as a plaintiff is the present case would thus cause additional expense and delay for Defendant. The other cases are reaching conclusion, while Ms. Daniel's case has yet to begin.

Defendant's Motion for Joinder of Parties under Rule 20 is therefore **DENIED.**

## CONCLUSION

Whereas there is no other evidence of harm to be suffered by Defendant, this Court will decline to impose conditions on the use of information acquired during discovery solely because such information may be shared with other litigants. Plaintiff's motion to compel the production of documents is therefore **GRANTED.** The Court, however, finds that joinder of Ramon Young and Minerva Daniels as plaintiffs to the present action is not warranted and would cause additional expense and undue delay of this case. Plaintiff's Motion for Joinder [Doc. 32] is thus **DENIED.**

***8** In light of the disagreement during the July 2, 2009 teleconference, the Court further clarifies for the parties that discovery in this case does expire on July 27, 2009. This Court's Order of May 26, 2009 unambiguously provides that "the parties will be allowed sixty (60) days from the date of this Order to complete any remaining discovery." Sixty days from that Order is July 26, 2009, which is a Sunday, meaning that the Court will allow discovery to continue through July 27, 2009.

**SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 1951059

## Footnotes

1     Plaintiff has not specifically filed a motion to compel but the Court construes his objection as such.

2     On the other hand, if it is shown that the plaintiff is seeking discovery "solely to assist in the litigation of another case," the defendant could likely demonstrate that the discovery constitutes an undue burden and a protective order would be justified. *Parsons v. General Motors Corp.,* 85 F.R.D. 724, 726 n. 1 (N.D.Ga.1980). There is no evidence that this is the case here, however. Defendant does not currently contend that Plaintiff is not intending to use the documents in his case.

3     The Court is not finding, however, that the requirements for joinder under Rule 20(a) have in fact been met in this case. *See Papagiannis v. Pontikis,* 108 F.R.D.177,178 (N.D.Ill.1985) (finding that Rule 20's "same transaction or occurrence" requirement does not apply to two victims' wholly separate encounters with a defendant simply because he followed the same or similar routine in defrauding them).

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2018 Thomson Reuters. No claim to original U.S. Government Works.