IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Civil Action File |
| v.   ) | No. 1:17-cv-01264-CAP |
| ) | |
| FRONTIER AIRLINES, INC.,   ) | |
| ABM AVIATION, INC., AND   ) | |
| AIRPORT TERMINAL SERVICES,   ) | |
| INC.   ) | |
| ) | |
| Defendants.   ) | |

**REPLY OF DEFENDANTS TO PLAINTIFF'S RESPONSE TO JOINT MOTION OF DEFENDANTS TO MAKE THE TEMPORARY CONSENT PROTECTIVE ORDER PERMANENT, OR IN THE ALTERNATIVE, TO REQUIRE THE RETURN OF MATERIALS PRODUCED PURSUANT TO THE TEMPORARY CONSENT PROTECTIVE ORDER**

COME NOW, Defendants Frontier Airlines, Inc. (hereinafter "Frontier"), ABM Aviation, Inc. (hereinafter "ABM") and Airport Terminal Services, Inc. (hereinafter "ATS")(collectively referred to as "Defendants"), and file this reply to the response of plaintiff [Doc. 67] to defendants' motion to make the temporary consent protective order permanent, or in the alternative, to require the return of materials produced pursuant to the temporary consent protective order [Doc. 65], respectfully showing the following:

## I.     HISTORY OF THIS DISCOVERY DISPUTE

This discovery dispute concerns documents already produced by defendants pursuant to the temporary consent protective order entered in this action. [Doc. 63]. The temporary consent protective order defines confidential information to include "any document or information a party believes, in good faith, reveals business, competitive, proprietary, or other details of a sensitive nature about the party…" [Doc. 63, p. 2 of 9, para. 2]. The order further states that the party receiving the documents reserves the right to challenge the confidential designation of any documents produced pursuant to the order. [*Id.* p. 5, para. 7]. To date, plaintiff has not challenged defendants' designation of their documents as confidential.

Defendants filed a motion to make the temporary consent protective order permanent, or in the alternative, to require plaintiff to return at the expiration of the temporary consent protective order all documents produced pursuant to the order. [Doc. 65].  Plaintiff did not file a pleading responding to the substance of defendants' motion; instead, plaintiff filed a pleading captioned "plaintiff's response to defendants' motion for a non-sharing protective order" (hereinafter referred to as "plaintiff's pleading"). [Doc. 67]. Defendants did not file any such motion. In her pleading, plaintiff stated that she "has agreed to a protective order" [Doc. 67, p. 1 of

11] and that "[i]n this case, Plaintiff does not oppose entry of a protective order…." [*Id.* p. 5 of 11].

Plaintiff's pleading, which essentially is a motion to modify the existing temporary consent protective order, argues that this Court should include in the order a sharing provision that expressly would allow plaintiff's counsel to "share certain information with other counsel who are handling similar cases against defendants." [Doc. 67, p. 1 of 55]. Plaintiff further "asks that the Court enter a protective order permitting such sharing with other litigants."[*Id.*]. Plaintiff has proposed a protective order [Doc. 67, Exhibit A] that includes a sharing provision allowing plaintiff to disclose the documents produced by defendants to "counsel engaged in similar litigation against a party" [*Id.* para. 5] and orders "that at the conclusion of this litigation, this Court shall retain jurisdiction of this lawsuit for the enforcement of this Consent Protective Order." [*Id.* para. 11]. The existing temporary consent protective order contains no such sharing provision. The information that plaintiff desires her counsel to share with other counsel in other litigation, although not specifically identified in her pleading, presumably is the information contained in the documents already produced by defendants pursuant to the temporary consent protective order.

Plaintiff's pleading fails to identify the "other litigants" with whom she desires her counsel to share the documents produced by defendants, fails to identify any "similar cases against defendants," fails to show how the documents produced by defendants in this action would be relevant to the allegedly "similar cases," and fails to identify the "other counsel" representing other litigants in "similar cases."

Plaintiff's proposal, if implemented, would require this Court to police the confidentiality of defendants' documents produced in this action and shared by plaintiff's counsel with other plaintiffs and their counsel in future litigation against defendants in state and federal courts across this country and potentially in foreign jurisdictions.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's request for a permanent protective order containing a sharing provision has nothing to do with protecting her interests in this action; rather, it is intended to assist plaintiff's counsel and other plaintiffs' counsel in potential future litigation against some or all of the defendants. Plaintiff's pleading argues, without any supporting facts, that failure to include a sharing provision in a permanent protective order in this action will "increase the potential for discovery abuse by allowing defendants to selectively withhold documents without the fear that plaintiffs will discover their abuse by locating relevant, responsive documents that

defendants have produced in previous litigation." [*Id.*, p. 2 of 11]. Plaintiff argues that "[a]llowing the dissemination of information amongst counsel also keeps defendants honest by forcing them to consistently produce relevant, responsive documents requested in discovery or face the consequences of hiding such documents." [*Id.*].

After carelessly slinging these insults, plaintiff fails to point to any facts justifying the conclusion that she desires this Court to reach, *i.e.,* that defendants are likely to abuse discovery and behave dishonestly in future litigation by selectively withholding and hiding the same documents they voluntarily produced in this action pursuant to the temporary consent protective order. Plaintiff also has failed to identify any "previous litigation" involving document production by defendants. Plaintiff asks this Court to conclude, based on nothing, that a remedy should be fashioned in this action to be enforced by this Court in future actions to prevent defendants from committing these fancied, undescribed discovery abuses.

Plaintiff's pleading argues that failure to include a sharing provision in a permanent protective order in this action will "stymie future plaintiffs' access to justice by forcing every plaintiffs' counsel litigating a claim against a defendant to expend considerable time and resources fighting for discovery." [Doc. 67, p. 2 of 11]. This baseless argument overlooks the fact that plaintiff did not have to "fight

for discovery" from defendants in this action; on the contrary, defendants voluntarily produced pursuant to the temporary consent protective order all of the documents requested by plaintiff. That defendants produced their documents without objection suggests that in future litigation defendants voluntarily will produce their documents pursuant to consent protective orders entered in those other actions. There are no facts or reasonable inferences supporting plaintiff's argument that access to justice and the integrity of the discovery process demands that plaintiff's counsel be allowed to share defendants' confidential documents produced in this action with other counsel engaged in unnamed "similar" litigation against defendants.

Plaintiff cites the decision in **Henderson v. FedEx Exp.,** No. CIVA 5:09-CV-85(CAR), 2009 WL 1951059 (M.D. Ga. July 6, 2009)(Honorable C. Ashley Royal), where the defendant sought entry of a protective order that would allow documents produced pursuant to the order to be used solely for purposes of that litigation. The plaintiff's counsel represented other plaintiffs who had allowed discovery to expire in their actions before obtaining documents from defendant in discovery; accordingly, plaintiff's counsel opposed entry of a protective order. Finding that "the federal rules simply 'do not foreclose collaboration among litigants,'" *id.* at *5 (citation omitted), the court in **Henderson** ordered the documents produced by defendants "without condition that the information contained therein be used solely

for the litigation in which it is sought." *Id.* at *5. The court noted that "Plaintiff Ramon Young, however, will receive a windfall in his case since he apparently failed to properly request this information during his own discovery period." *Id.* The court in *Henderson* denied as untimely the plaintiff's motion to join the other plaintiffs as parties to the litigation against that defendant. Thus, the court denied a remedy – joinder – that would have solved the discovery predicaments in which the plaintiffs in other litigation against that defendant found themselves and fashioned a remedy – production of documents by defendants without a protective order – that rescued the other plaintiffs from their discovery predicaments.

The reasoning and result in *Henderson* have not been followed by other federal courts in the Eleventh Circuit including the Northern District of Georgia where efforts by plaintiffs to require sharing provisions in protective orders over the objections of defendants have been rejected. In ***Williams v. Taser Int'l, Inc.,*** No. CIVA1:06-CV-0051-RWS, 2006 WL 1835437, at *2 (N.D. Ga. June 30, 2006) (Honorable Richard W. Story), the court held:

> The Court appreciates why Plaintiffs would desire to share confidential documents with other attorneys involved in litigation against Taser, and in no way doubts counsel's intent to abide by the terms of the protective order. That said, the Court recognizes that the more widely confidential documents are disseminated, it becomes both more likely that those documents will be released, and more difficult for the Court to enforce the terms of its protective order. In this case, the Court finds the risk to Taser posed by the release of its confidential information, and the

> difficulties of enforcing a protective order when confidential documents are widely disseminated, outweigh Plaintiffs' interest in sharing that information among various plaintiffs' counsel and experts. Thus, the Court declines to allow Plaintiffs to either retain confidential documents upon the conclusion of this litigation, or to share confidential documents with other attorneys or experts involved in litigation against Taser.

In *Porter v. Tyco Healthcare Grp. LP,* No. 1:08-CV-1203-CC, 2008 WL 11320000, at *1 (N.D. Ga. June 11, 2008)(Honorable Clarence Cooper), the court held that the plaintiff bore the burden of showing that the dissemination of confidential information was required. The plaintiff had requested that the court enter a protective order containing a sharing agreement that would allow the materials disclosed in discovery to be disclosed to attorneys representing plaintiffs in other actions involving the same or similar products manufactured by U.S. Surgical. The plaintiff's proposed protective order required the attorneys in such other actions to be subject to the protective order entered in *Porter* and also to have a protective order entered in their respective actions. The plaintiff argued that a sharing provision in the protective order would ensure full and fair disclosure by the defendant, provide for more efficient discovery in cases involving similarly-situated plaintiffs, and conserve judicial resources. Noting the same deficiencies in the plaintiff's arguments in *Porter* that exist in plaintiff's arguments in this action, the court in *Porter* held:

> To the extent that entry of a sharing protective order is warranted, Plaintiff bears the burden to show that dissemination of U.S. Surgical's

confidential information is necessary, id., and Plaintiff has not met that burden. Plaintiff argues that a sharing protective order should be entered so as to promote efficiency, minimize discovery costs, ensure full and fair disclosure by U.S. Surgical, and conserve judicial resources. Plaintiff fails to demonstrate or explain, however, how these goals would be served by entry of a sharing protective order in this case. Plaintiff vaguely references "lawyers handling similar claims" and "plaintiffs with similar claims against [U.S. Surgical]" but provides no details regarding those plaintiffs or their claims. In the absence of any such details, the Court has no way to determine whether the discovery in this matter is even relevant to any other cases, which is a preliminary finding this Court should make in considering whether to permit the sharing of protected discovery. See Wilk v. American Med. Assoc., 635 F.2d 1295, 1300 (2d Cir. 1981) (holding that a relevance finding should be made before a court permits protected discovery to be shared with litigants in collateral proceedings); Gil v. Ford Motor Co., Civil Action No. 1:06CV122, 2007 WL 2580792, at *6 (N.D.W. Va. Sept. 4, 2007) ("The case law suggests that the court that entered the protective order should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order") (emphasis in original). Furthermore, permitting Plaintiff to share U.S. Surgical's confidential information, as proposed by Plaintiff, unduly heightens the risk that U.S. Surgical's competitors will gain access to U.S. Surgical's confidential information. See Williams v. Taser Int'l, Inc., No. 1:06-CV-0051-RWS, 2006 WL 1835437, at *1-2 (N.D. Ga. June 30, 2006) ("the more widely confidential documents are disseminated, it becomes more likely that those documents will be released, and more difficult for the Court to enforce the terms of its protective order"); Raychem, 151 F.R.D. at 307 (concluding that dissemination of a party's confidential information to third parties unduly raises the risk that the party's competitors will obtain access to the confidential information). Insofar as the risk to U.S. Surgical by the release of its confidential information and the difficulties in Court enforcement of a sharing protective order outweigh Plaintiff's interest in sharing protected documents and information with other plaintiff's attorneys who have not even been identified in any manner, the Court finds that entry of a sharing protective order would be inappropriate. In

> sum, upon consideration of the parties' respective arguments, the Court finds that entry of the non-sharing protective order proposed by U.S. Surgical is appropriate and warranted, as it allows both Plaintiff and U.S. Surgical access to the materials and information they need to litigate this case but still protects the confidential materials and information from unwarranted dissemination to third parties.

*Porter,* 2008 WL 11320000, at *2–3. Similar reasoning was employed by a federal district court in Florida in ***Gunson v. BMO Harris Bank, N.A.,*** 300 F.R.D. 581, 583–84 (S.D. Fla. 2014), which rejected the plaintiff's motion for a protective order that contained a sharing provision. Among the court's reasons was the following:

> … Plaintiff has made no showing that documents relevant to the instant proceeding are relevant to the out-of-district proceedings. See Long v. TRW Vehicle Safety Sys., No. CV–09–2209–PHX, 2010 WL 1740831, at *1 (D. Ariz. Apr. 29, 2010) ("[A] collateral litigant ... should not be granted automatic access to a defendant's confidential documents [without demonstrating] the relevance of the protected discovery to the collateral proceedings and its general discoverability therein."). In Long, the district court denied the plaintiff's request for a sharing discovery order, finding that the plaintiff failed to demonstrate the relevance of documents in that action to the collateral litigation. The court noted that the relevance requirement "prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1132 (9th Cir.2003)); see also McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 90 (11th Cir.1989) (affirming protective order "that prevents the parties from using any confidential information obtained during discovery except as part of the litigation" where district court properly articulated its reasons for granting the protective order); Steede v. Gen. Motors, LLC, 11–2351–STA, 2012 WL 2089761, at *4 (W.D.Tenn. June 8, 2012) (affirming order to include nonsharing provision in confidentiality order where plaintiff failed to show how the restriction might prejudice her ability to obtain discovery in support of her own

claims). Plaintiff has not satisfied the Court that documents to be produced in the instant case are relevant to the out-of-district proceedings.

Other federal district courts in the Eleventh Circuit have rejected requests to enter protective orders containing sharing provisions over the objection of defendants, citing the failure of the plaintiffs to meet their burden of showing a need to share the confidential materials and the potential harm to the defendants due to the risks of widely disseminating such information. See, ***Doriand v. Centocor Inc.,*** No. 1:09-CV-00078-MP-AK, 2010 WL 325742, at *1 (N.D. Fla. Jan. 26, 2010)("[T]he Court agrees with Defendants that Plaintiff has not shown a need for the sharing of the discovery and that the possible administrative efficiency produced by the sharing is outweighed by the risk of inappropriate release of information provided by Defendants that is sensitive, confidential and proprietary in nature."); ***McDonald v. Cooper Tire & Rubber Co.,*** No. 8:01-CV-1306-T-27TGW, 2005 WL 2810707, at *2, fn. 3 (M.D. Fla. Oct. 27, 2005)(noting that the magistrate judge had denied plaintiff's motion for a protective order with a sharing provision). In ***Ginn v. Stryker Corp.,*** No. 1:09-CV-01939-HGD, 2010 WL 11561215, at *1 (N.D. Ala. May 14, 2010), the parties agreed that documents should be produced pursuant to a protective order but disagreed on whether it should contain a sharing provision. The court held that "the inclusion of a 'sharing' provision in the protective order is not necessary

11

nor warranted for the purposes of this litigation, and that is the only important consideration. Attorneys in other litigation can do their own work with respect to discovery."

These decisions show that there is very little support, if any, in the Eleventh Circuit for plaintiff's proposal that a permanent protective order with a sharing provision should be entered in this action, which protective order would be enforced by this Court in future, unnamed actions against defendants brought by future unnamed plaintiffs in jurisdictions far and wide. If any support for such a proposal existed in the Eleventh Circuit, and it does not, plaintiff has not met her burden of showing that such a need exists with respect to these defendants. Plaintiff's request that the existing temporary consent protective order be modified to include a sharing provision is based solely upon unsupported accusations that defendants are likely to hide documents, act dishonestly, abuse discovery and engage in discovery fights in future litigation, notwithstanding that they did none of those things is this action, and notwithstanding the lack of any evidence that defendants <u>ever</u> abused discovery or hid any documents in any other action. There is nothing to rebut the presumption created by defendants' conduct in this action – *i.e.,* that in future actions, as in this action, defendants voluntarily will produce their documents subject to an appropriate

protective order without a sharing provision. A sharing provision in a protective order in this action will not solve any problem that exists or is likely to exist.

WHEREFORE, defendants respectfully request that this Court enter an order making the Temporary Consent Protective Order permanent, or in the alternative, requiring the return of the materials produced pursuant to said Order.

Respectfully submitted this 1st day February, 2018.

                                MOZLEY, FINLAYSON & LOGGINS, LLP

                                */s/Anne M. Landrum*
                                J. Arthur Mozley
                                Georgia Bar No. 527700
                                Anne M. Landrum
                                Georgia Bar No. 433990
                                5605 Glenridge Drive
                                One Premier Plaza, Suite 900
                                Atlanta, Georgia 30342-1386
                                404-245-0700
                                amozley@mfllaw.com
                                alandrum@mfllaw.com
                                *Attorneys for Frontier Airlines, Inc.*

JOINED BY:

BENTLEY, BENTLEY & BENTLEY

*/s/ Jamie S. Wingler*
Fred D. Bentley, Jr.
Georgia Bar Number 052850
Jamie S. Wingler
Georgia Bar Number 770708
241 Washington Avenue
Marietta, Georgia 30060

13

770-422-2300 Telephone
fred.bentley@bbandblaw.com
jamie.wingler@bbandblaw.co*m*
*Attorneys for Airport Terminal Services, Inc.*

HALL BOOTH SMITH, PC

*/s/ Justin S. Kerenyi*
Justin M. Kerenyi
Georgia Bar No. 416623
191 Peachtree St. NE, Suite 2900
Atlanta, Georgia 30303
404-954-5000
JKerenyi@hallboothsmith.com
*Attorneys for ABM Aviation, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) **Civil Action File** |
| v. | ) **No. 1:17-cv-01264-CAP** |
| | ) |
| FRONTIER AIRLINES, INC., | ) |
| ABM AVIATION, INC., AND | ) |
| AIRPORT TERMINAL SERVICES, | ) |
| INC. | ) |
| | ) |
| *Defendants*. | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this date caused to be served upon the following counsel of record a true and correct copy of the foregoing **REPLY OF DEFENDANTS TO PLAINTIFF'S RESPONSE TO EFENDANTS' JOINT MOTION TO MAKE THE TEMPORARY CONSENT PROTECTIVE ORDER PERMANENT, OR IN THE ALTERNATIVE, TO REQUIRE THE RETURN OF MATERIALS PRODUCED PURSUANT TO THE TEMPORARY CONSENT PROTECTIVE ORDER** by filing it with the Clerk of Court using the CM/ECF system:

J. Marcus Howard
Pope & Howard, PC
945 East Paces Ferry Road
Suite 2525
Atlanta, Georgia 30326

Fred D. Bentley, Jr.
Jamie S. Wingler
241 Washington Avenue
Marietta, Georgia 30060

Justin M. Kerenyi<br>
JD Howard<br>
Anthony Stewart<br>
Hall Booth Smith, PC<br>
191 Peachtree Street, NE, Suite 2900<br>
Atlanta, Georgia 30303

Pursuant to Local Rule 5.1, NDGA, the foregoing pleadings are prepared in Times New Roman, 14-point type.

Dated this 1st day of February, 2018.

*/s/ Anne M. Landrum*
Anne M. Landrum
Mozley, Finlayson & Loggins LLP
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia 30342-1386

#447437