UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUE HIATT, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:17-CV-01264-CAP |
| FRONTIER AIRLINES, INC., ABM AVIATION, INC, and AIRPORT TERMINAL SERVICES, INC., | |
| Defendants. | |

O R D E R

This matter is before the court on the defendants' motion to make the temporary consent protective order permanent or, in the alternative, to require the return of documents produced pursuant to the temporary consent protective order [Doc. No. 65]. The parties' sole dispute is whether the court should make the temporary consent protective order [Doc. No. 63] permanent without amending it to include a sharing provision. After reviewing the record, the court enters the following order.

I.  Background

This action was removed to federal court on April 7, 2017. During discovery, the parties agreed that a protective order should be

entered in the case, but they could not agree entirely on the terms of a permanent order. On December 12, 2017, the court entered a temporary consent protective order [Doc. No. 63] that would last only 30 days. If a party moved for it to be permanent within that period, the order would remain in effect until the court ruled on the motion. *Id.* The defendants have so moved, and the order has remained effective.

As it stands, paragraph 8 of the temporary protective order limits the disclosure of material marked confidential to "the Court and all Court personnel; counsel of record; persons assisting counsel of record, including outside experts, consultants, directors, officers, and employees of any party" [Doc. No. 63 at 6]. The defendants believe this provision should remain permanent. The plaintiff does not. She argues that paragraph 8 should include a sharing provision. Specifically, she would like the protective order to permit parties to share the confidential materials to "counsel engaged in similar litigation against a party." Pl's Br. at 3, 7 [Doc. No. 67]. Otherwise, the plaintiff does not contest the terms of the temporary protective order.[1]

---

[1] The plaintiff has submitted the protective order entered in *Anderson v. Southern Home Care Services, Inc.*, Case No. 1:13-cv-00840 (N.D. Ga. filed Mar. 15, 2013), as a example of what she would like to be entered in this case. Except for the absence of a sharing provision, the

## II. Discussion

In some cases, a sharing provision may be appropriate to include in a protective order. An example is when a plaintiff's counsel seeks to share confidential documents with other attorneys involved in litigation against the same defendant.[2] A sharing provision in that scenario may help to promote efficiency, minimize discovery costs, ensure full and fair disclosure by a party, and conserve judicial resources. *Porter v. Tyco Healthcare Grp. LP*, No. 1:08-CV-1203-CC, 2008 WL 11320000, at *2 (N.D. Ga. June 11, 2008). But the plaintiff has the burden to show how disseminating the defendants' confidential materials would serve these goals or is otherwise necessary in this case. *Id.* The plaintiff has failed to do so. She simply states that such a provision would allow her to share the information "with other lawyers handling similar cases." Pl's Br. at 3. Yet aside from a vague reference to potential future cases, the plaintiff does not identify any other plaintiffs or their claims. The court cannot hold that a sharing provision is necessary on this basis, as

---

temporary protective order here is materially similar to the order entered in *Anderson*. Accordingly, the court finds that the plaintiff does not seek any other changes to the temporary protective order.

[2] Another instance may be when the parties agree to include the provision. That appears to have occurred in *Anderson*, Case No. 1:13-cv-00840 (N.D. Ga. filed Mar. 15, 2013). But the parties do not agree here.

the lack of detail forces the court to guess whether this matter is even relevant to those "other" cases. *Porter*, No. 1:08-CV-1203-CC, 2008 WL 11320000 at *2 (denying inclusion of sharing provision where the plaintiff asserted that there were similar cases but "provide[d] no details regarding those [other] plaintiffs or their claims"). The plaintiff has failed to show any other specific reason that justifies sharing the defendants' confidential information. In the absence of such a showing, the risk posed to the defendants "by the release of [their] confidential information, and the difficulties of enforcing a protective order when confidential documents are widely disseminated, outweigh [the plaintiff's] interest in sharing that information among various plaintiffs' counsel" in other cases. *Williams v. Taser Int'l, Inc.*, No. CIVA1:06-CV-0051-RWS, 2006 WL 1835437, at *2 (N.D. Ga. June 30, 2006).

Thus, the court will make the temporary consent protective order permanent without the plaintiff's proposed sharing provision. The parties may seek to amend the protective order if needed in the future.

### III.  Conclusion

Accordingly, the defendants' motion to make the temporary consent protective order permanent [Doc. No. 65] is **GRANTED** such

5

that the temporary consent protective order [Doc. No. 63] is no longer temporary and will remain in effect absent further order of the court.

**SO ORDERED** this 8th day of February, 2018.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

5